(Nos. 11367-68-69-98.—Reversed and remanded.)

JOSEPH H. MUHLKE, Trustee, *vs.* JACOB H. TIEDEMANN *et al.* Appellees.—(LOUISA M. TIEDEMANN, Appellant.) JOSEPH H. MULKE, Trustee, *vs.* Same Appellees.—(WALTER G. MUHLKE, Appellant.) JOSEPH H. MUHLKE, Trustee, *vs.* Same Appellees.—(ADELAIDE PARHKILL *et al.* Appellants.) JOSEPH H. MUHLKE, Trustee, *vs.* Same Appellees.—(JOSEPH H. MUHLKE, Appellant.)

*Opinion filed October 23, 1917—Rehearing denied Dec. 5, 1917.*

1. WILLS—*intention of testator as it appears from whole will must prevail.* All the provisions of a will must be considered and the intention of the testator as it appears from the whole will must prevail, provided such intention does not violate some rule of law.

2. SAME—*trust provision construed as referring to issue living at time of distribution.* A provision in a will that if at the time of the distribution of the trust estate "any of my children shall be without issue, either children or grandchildren, then the share of my estate to which such child shall be entitled shall not be paid to it" but shall be held in trust, means that such child have no issue living at the time of distribution, and only those having issue so living are entitled to their distributive shares freed from the trust.

3. SAME—*when there is no distinction between real and personal property as to time of vesting.* If it is clear that the clause following a general direction as to the distribution of a trust estate makes it a condition precedent to the vesting of the estate that the devisee or legatee shall have issue living at the time of distribution, there is no ground for holding that the personal property is not subject to such condition the same as the real estate.

4. SAME—*Wigglesworth table is standard mortality table.* The Wigglesworth mortality table is recognized as one of the standard tables in use by the courts in determining the present value of future interests.

APPEAL from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.

BUTZ, VONAMMON & JOHNSTON, (OTTO C. BUTZ, and MARCUS HITCH, of counsel,) for appellants Louisa M. Tiedemann, Walter G. Muhlke, Adelaide Parkhill, Lulu Upson and Anita Almert.

JOSEPH H. MUHLKE, appellant, for himself.

VINCENT D. WYMAN, HARRY C. KINNE, and CHARLES E. CARPENTER, for appellees Henry C. Muhlke and Catherine C. Harpel.

ROBERT E. GENTZEL, for appellee Anna C. Muhlke.

MILTON O. NARAMORE, for appellees George Henrici, Adelaide A. Hammond, Fred E. Hammond and Philip Henrici.

HOMER COOPER, for guardian *ad litem* of minor appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

On April 28, 1895, Catharina Muhlke, a resident of the city of Chicago, died testate, leaving a will executed January 14, 1895, which was duly probated in the probate court of Cook county. After making bequests aggregating

$15,000, she devised and bequeathed all the remainder of her estate, consisting of real and personal property, to Jacob H. Tiedemann, John K. Harmon and Joseph H. Muhlke in trust, directing the trustees to take possession of and manage said estate, with power to sell and convey real estate and invest the proceeds of sale in interest-bearing securities. The will then proceeded as follows:

"(b) My trustees shall annually make out a true statement of the income and expenditures of my estate and shall furnish the beneficiaries with a copy of the same. They shall divide the net income, annually, into four parts. One part thereof, or one-quarter, shall remain as part of my general estate, to be re-invested, and three parts thereof, or three-quarters, they shall divide equally between my children. In case of the death of any of my children leaving issue and a husband or wife him or her surviving, then one-third of such child's share of the income shall go to such husband or wife so long as he or she remains unmarried and the balance to the issue, and upon the death or marriage of such husband or wife the whole of the respective share to the issue. Should such deceased child leave a husband or wife but no issue, then in like manner one-third of its share of the income shall go to the husband or wife during life or so long as he or she remains unmarried and the balance shall remain a part of my estate.

"(c) At the end of twenty years from the day of my death my entire estate shall be partitioned, distributed and divided in equal shares between my children then living and the issue of such of my children as may then be dead, such issue to take such share as the parent would have taken if living. Should there then be living a husband or wife of a deceased child entitled to a part of the income of my estate as above set forth, his or her share of such income shall be capitalized according to the mortuary tables and such capital sum paid to him or her in lieu of such annuity.

"(*d*) Should it appear at the time when my estate is so to be distributed and divided that any of my children shall be without issue, either children or grandchildren, then the share of my estate to which said child shall be entitled shall not be paid to it but my said trustees shall continue to hold said share in trust for said child and to manage it, paying to it the net income of the same, and shall have all the powers hereinbefore granted to them for the management of my entire estate, and upon the death of said child its said share shall be distributed among my other children and the issue of any deceased child on the principles hereinbefore stated, the surviving wife or husband, if any, to be treated the same as the wife or husband of any child dying before the distribution of my estate, as hereinbefore set forth. Should such child have lawful issue after the distribution of my estate, then its distributive share of my estate shall be conveyed, delivered and paid over to him or her and the trust in this paragraph created shall terminate.

"(*e*) I direct that the income so to be paid annually to the beneficiaries under this will, as well as their distributive share of my estate when the same is divided and distributed as aforesaid, shall be paid, distributed, assigned and conveyed to each of said beneficiaries in person or to their lawfully appointed guardian or other legal representative, and that in no event shall any or either of said beneficiaries have the right or power to anticipate his or her share of said estate, or its income, by any order on said trustees, assignment, conveyance or other voluntary transfer, or by operation of law by virtue of any attachment, judgment, decree or other legal proceedings against such beneficiary.

"*Fourth*—I hereby direct that of the three trustees above named Jacob H. Tiedemann shall be the managing trustee, and as such shall attend to the keeping of the books and the usual office work, and shall receive a compensation of $2500 per annum, the other trustees not to receive any compensation for their services."

The remaining provisions of the will are not material to a consideration of the questions here presented.

Catharina Muhlke left her surviving eight children, as follows: Henry C. Muhlke, George F. Muhlke, Joseph H. Muhlke, Walter G. Muhlke, Catharina C. Harpel, Adelaide A. Hammond, Louisa M. Tiedemann and Anna S. Henrici, all of whom, except George F. Muhlke, were married when the will was executed. At the expiration of the 20-year period specified in the will all of the children of Catharina Muhlke were living and all were married. Louisa M. Tiedemann, Anna S. Henrici, Adelaide A. Hammond and Walter G. Muhlke each had a child or children then living. Henry C. Muhlke, George F. Muhlke and Catharina C. Harpel never had any child born to them. Joseph H. Muhlke had a child born to him on June 9, 1886, but the child had died on July 16, 1886, several years before the will was executed.

At the time of the death of Catharina Muhlke she owned real estate valued at approximately $500,000 and personal property of the value of about $180,000. During the administration of the trust most of the real estate was converted into cash and the proceeds of sale were invested in mortgages. At the end of the 20-year period the trustees had on hand mortgages aggregating $750,000 and were in control of real estate valued at $100,000. They divided the personal property into eight parts and delivered one part to each of the following named children of Catharina Muhlke who had children living on April 28, 1915: Louisa M. Tiedemann, Anna S. Henrici, Adelaide A. Hammond and Walter G. Muhlke, retaining the other four parts in their hands as trustees.

On September 18, 1915, Joseph H. Muhlke, one of the trustees, filed his bill of complaint in the superior court of Cook county, praying for a construction of the will of Catharina Muhlke. The other two trustees and the children and all descendants of Catharina Muhlke were made

defendants to the bill and filed answers. Thereafter, on March 19, 1916, George F. Muhlke died, leaving a widow but no child or descendant. He left a will devising all his estate to his widow, Anna C. Muhlke. On May 14, 1916, Anna S. Henrici died, leaving her surviving four children. She left a will devising all her estate to two of her children. These facts were brought to the attention of the court by supplemental bills. A hearing before the chancellor resulted in the entry of a decree finding that only such of the children of Catharina Muhlke as had children surviving at the expiration of the 20-year period were entitled to participate in a division of the fee to the real estate then in the possession of the trustees; that such of the children as were without children living at the expiration of the 20-year period took only a life estate in the real estate then in the possession of the trustees, and as to their shares in the real estate the trusts created by the will continued; that as to the personal property in the hands of the trustees at the expiration of the 20-year period, including the proceeds of the sales of real estate, the same should be distributed in fee, in equal shares, among all of the eight children of Catharina Muhlke; that the provision for the payment of $2500 per year to the managing trustee terminated with the 20-year period, and that thereafter the trustees are entitled to reasonable compensation to be fixed by the court; that in determining the amount to be paid to any husband or wife of a deceased child under the provisions of the will the Wigglesworth table should be used; that the one-eighth interest in the real estate which would have been held for the benefit of George F. Muhlke had he lived, upon his death vested in the seven children of Catharina Muhlke who survived him, subject only to the deduction therefrom of an amount sufficient to produce a sum equal to the value of one-third interest in the income thereof capitalized according to the Wigglesworth table; and that the interest of Anna S. Henrici in the estate of Catharina Muhlke passed

under her will to her legatees and devisees. From this decree separate appeals were prosecuted to this court by various of the parties, and these appeals have been consolidated.

The errors assigned and argued by the various appellants call in question each of the findings of the court as above set forth.

The lettered paragraphs above set out are all a part of the third clause of the will. The superior court properly found that paragraph (d) of clause 3 of the will was not ambiguous. It is contended on the part of Joseph H. Muhlke, appellant in one of the appeals, and the appellees in the appeals of Louisa M. Tiedemann, Walter G. Muhlke, Adelaide Parkhill, Lulu Upson and Anita Almert, that paragraph (d) is ambiguous because it cannot be determined from its language what proportion, if any, of the estate of George F. Muhlke passed to the legatees under the will of Anna S. Henrici, who died testate, having devised all of her estate to two of her four children, and what portion passed to the two children who were not mentioned in her will; what portion of the estate of George F. Muhlke passed to the heirs-at-law of Catharina Muhlke; when the same should be distributed and what should become of the income thereof until the same is distributed; what interest Joseph H. Muhlke has in the estate of George F. Muhlke; whether the estate of George F. Muhlke should be distributed and partitioned now or the trustees should hold the same until all the children of Catharina Muhlke have died and then make distribution to the then living issue of such children; and whether the distribution of the portion of a child dying without issue should be made to the children living as of the date of such deceased child's death or as of the time of the 20-year period of distribution.

The provisions of paragraph (d) are clear and certain. The language, "should it appear at the time when my estate is so to be distributed and divided that any of my children shall be without issue, either children or grandchildren, then

the share of my estate to which said child shall be entitled shall not be paid to it" but shall be held in trust, is clear and unmistakable in its meaning and does not require construction. It means that in the event any child at the time of the 20-year distribution period shall be without living issue, his or her share of the estate should not be paid to it but should be held in trust. The contention over the meaning of this portion of the will was occasioned by the situation of Joseph H. Muhlke, whose only child died before the will was executed. Joseph H. Muhlke cites numerous cases to sustain his contention that this language, "shall be without issue, either children or grandchildren," should be so construed as to mean, "shall be and without ever having had issue." All the cases cited are where the courts have construed the words, "die without issue," "death without issue," "die without heirs." These cases have no bearing upon the question presented here. The testatrix could hardly have expressed her intention more clearly that any child who did not have living issue at the time of the 20-year period of distribution should not be permitted to participate in the distribution. Under this paragraph of the will only those children of the testatrix who had living issue at the end of the 20-year period were entitled to their distributive shares. Whether those who at that time were without living issue, either children or grandchildren, would ever participate in the distribution of the estate would depend upon the event of a child being born to him or her. In such event the child to whom issue was born would immediately become entitled to his or her distributive share of the estate. In case of the death of any child without issue having been born to him or her, its share of the estate so held in trust would be distributed on the principles stated in the preceding paragraph of clause 3, and such estate would vest in and be distributed to the persons who at that time answered the description of the beneficiaries named in the will, and

not to those who answered such description as of date of the 20-year period of distribution.

It is further contended on behalf of appellant Joseph H. Muhlke and various of the appellees that by paragraph (*c*) of the third clause of the will there was an absolute gift of the personal property to the children of the testatrix who survived the 20-year period, which gift could not be limited or cut down by any subsequent paragraph, and that the provision in paragraph (*d*) of the third clause is therefore void. If the effect of paragraph (*d*) was to limit or cut down an absolute gift of personal property made by paragraph (*c*), then there would be force in this contention and the authorities cited in support thereof would be applicable. Such, however, is not the purpose or effect of paragraph (*d*). The latter paragraph, instead of limiting or cutting down an absolute gift made by the prior paragraph, prescribes a condition precedent upon which the gift made by paragraph (*c*) shall become effective. There is no rule better recognized and understood than that in the construction of wills all of the provisions must be considered and the intention of the testator as it appears from the whole will must prevail, provided such intention does not violate some settled rule of law. In reading the whole of clause 3 it is apparent that it was the intention of the testatrix that no portion of her estate should vest in any child or children who were childless at the time fixed for distribution. It was a condition precedent to the vesting of an estate that the devisee or legatee must have living issue at the time of distribution. The chancellor made a distinction between the real estate and personal property, holding that while those children who were without issue at the expiration of the 20-year period took only a life estate in the real estate, they were entitled to an absolute interest in the personal estate. This was error. There is no distinction between the disposition made of the real and personal estate by this will. The vesting of either in any particular child of the testatrix

is conditioned upon such child having issue living at the period fixed for distribution.

It is objected that the court erred in adopting the Wigglesworth table as the one to be used in capitalizing the share of Anna C. Muhlke, widow of George F. Muhlke, deceased. By the provisions of this will the testatrix evidently intended that the court should use any standard mortuary or mortality table in computing the share of the surviving husband or wife of any child who should die without issue. While it is true the proof shows that there were a number of mortality tables and that under these tables different results are obtained, it is a matter of common knowledge that the Wigglesworth table is recognized as one of the standard tables and is frequently used by the courts of this State in determining the present value of future interests. As the testatrix by the terms of her will permitted the trustees to use any standard mortality table in making their computation, the court did not err in directing that the same should be made according to the Wigglesworth table.

The court properly directed that the annual payment of $2500 to the managing trustee should cease at the expiration of the 20-year period and that thereafter such compensation should be fixed by the court. It is apparent that the testatrix intended this provision to last only during the 20 years prior to the distribution. After that period the managing trustee is entitled to reasonable compensation to be fixed by the court.

For the error indicated the decree of the superior court is reversed and the cause is remanded, with directions to enter a decree in conformity with the views herein expressed.

*Reversed and remanded, with directions.*