(No. 12155.—Decree affirmed.)

JOSEPH H. MUHLKE, Trustee, Appellee, *vs.* HENRY C. MUHLKE, Trustee, *et al.* Appellants.

*Opinion filed October 21, 1918.*

1. PRACTICE—*opinion must be consulted where mandate directs decree to be entered in accordance therewith.* Where the Supreme Court reverses a decree in a will case and the mandate follows the language of the opinion and directs the trial court to enter a decree in accordance with the views expressed in the opinion, it is the duty of the trial court, in carrying out the mandate, to consult the opinion, and on appeal from the decree so entered the only question is whether the trial court has correctly interpreted the opinion.

2. SAME—*when question as to construction of a will cannot be re-argued.* Where a decree in a will case is reversed and the cause is remanded, with directions to enter a decree in accordance with the views expressed in the opinion, which discloses that the provisions of the will have received a construction by the Supreme Court, the proper construction of such provisions cannot be re-argued on an appeal from the decree entered by the trial court in carrying out the mandate.

APPEAL from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.

VINCENT D. WYMAN, HARRY C. KINNE, and CHARLES E. CARPENTER, for appellants.

BUTZ, VON AMMON & JOHNSTON, (OTTO C. BUTZ, of counsel,) for appellee.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

This appeal by Henry C. Muhlke (individually and as trustee) and Catharina C. Harpel is prosecuted for the purpose of having reviewed the final decree of the superior court of Cook county entered in compliance with a mandate of this court issued in pursuance of a judgment reversing a former decree of the superior court entered in the same

cause. The final order of this court was entered at the December term, 1917, and as disclosed by the opinion it was that "the decree of the superior court is reversed and the cause is remanded, with directions to enter a decree in conformity with the views herein expressed." We refer to the opinion of the court for a full statement of the case as presented to this court at that time, which is reported as *Muhlke* v. *Tiedemann,* 280 Ill. 534. The mandate issued January 17, 1918, contains only a general remanding order, concluding with this sentence: "Therefore it is considered by the court that for that error and others in the record and proceedings aforesaid the decree of the superior court of Cook county in this behalf rendered be reversed, annulled, set aside and wholly for nothing esteemed, and this cause be remanded to the superior court of Cook county, with directions to enter a decree in conformity with the views expressed in the opinion filed herein." Before the final decree was entered by the superior court after remandment of the cause by this court, Henry C. Muhlke was duly appointed as co-trustee with Joseph H. Muhlke and Walter J. Muhlke, and by amendment to the original bill his name was substituted in the place of that of Jacob H. Tiedemann, trustee and defendant, after the death of Tiedemann had been properly suggested.

The contentions of appellants are that the superior court did not correctly interpret the decision of this court on the former appeal and that its new decree appealed from does not conform to the views expressed in the former opinion of this court, and that therefore the final decree of the court does not correctly interpret the will of the said testatrix.

The lower court's interpretation of the intention of the testatrix and of the decision of this court that is complained of by appellants on this appeal is disclosed by the following portion of the findings in the decree of the court:

"The court further finds that by the terms of said will of Catharina Muhlke only those of her children who had

living issue at the end of the twenty-year period defined in
said will are entitled to their distributive share of the es-
tate of said Catharina Muhlke, and that such of said chil-
dren having no issue, children or grandchildren, living at
the expiration of said period, cannot participate in the dis-
tribution, in fee, of said estate at any time before a child
is hereafter born to him or her. The court further finds
that upon the death of George F. Muhlke, still being child-
less, the share of the estate of Catharina Muhlke held by the
trustees for said George F. Muhlke (subject to the widow's
share in one-third of the income, to be capitalized under
the Wigglesworth table,) vested as to one-seventh thereof
in fee in each of the children of Catharina Muhlke that
survived George F. Muhlke then having a child living, and
that as to each of the remaining children of said Catha-
rina Muhlke who at the death of said George F. Muhlke
had no child living one-seventh of said estate should con-
tinue to be held in trust, the income to be paid to such child
until such child's death unless a child is thereafter born to
it, in which case such child to whom a child is born shall
also receive its share in fee, and that if no child is born
to such childless child before his or her death, the share
thus held by said trustees for such childless child, together
with its share previously held by the trustees for George
F. Muhlke, subject to the interest of the surviving spouse,
if any, of said deceased childless child, shall again be dis-
tributed among the then surviving children and the descend-
ants of a deceased child and the trustees for the remaining
childless children, in the manner and shares and upon the
principles herein stated, so that in no instance shall any
childless child, while childless, receive any part of the prin-
cipal of the estate of Catharina Muhlke. The court further
finds that if at any time hereafter any child of Catharina
Muhlke dies, being at the time of its death still childless,
then its share in said estate held in trust under said will,
whether such share is a part of the original share set off

or held undistributed for such deceased child or whether such share is a part of the estate of said Catharina Muhlke retained by said trustees which formed a share of the estate previously held by said trustees for any other childless child that may then be deceased, shall be again distributed among the then surviving children of Catharina Muhlke, deceased, and the descendants of any deceased child and the trustees hereunder, in the same manner and form and upon the principles that the share held for said George F. Muhlke is divided, each new share of a child then still childless to be held subject to the rights of the widow or widower of the childless child that died without issue, as herein defined, and subject to being vested in the then surviving childless child upon birth of a child to it, such distribution by said trustees to continue until the death of the last surviving childless child."

The substance of the contentions of appellants on this appeal is that the former opinion and decree of this court sustained the finding and decree of the lower court as first rendered by that court, to the effect that the one-eighth interest in the real estate held for the benefit of George F. Muhlke absolutely vested in fee in the seven other children of the testatrix at the time of the death of George F. Muhlke, subject only to have deducted therefrom an amount sufficient to produce a sum equal to the value of a one-third interest in the income thereof capitalized according to the mortuary tables, and that after taking out of the one-eighth of the real estate, aforesaid, a sum sufficient to pay Anna C. Muhlke, widow of George F. Muhlke, the remaining one-eighth of such real estate vested in the seven children surviving George F. Muhlke in fee absolute, regardless of whether they were at that time childless or had issue living. Appellants make the statement in their brief, in substance, that this court did not intend in any part of its opinion to announce any rule for the distribution of the share of George F. Muhlke upon his death, much less to decide that

his surviving brothers and sisters could not take his share "as the will states," irrespective of living issue of theirs.

The contentions of appellants are based upon the supposition that this court in its former decision reversed the former decree of the lower court for one error, only, that error being that the lower court made a distinction between the real estate and the personal property of the testatrix and held that the children of the testatrix who were without issue at the expiration of the twenty-year period took only a life estate in the real estate but were entitled to an absolute estate in the personal estate. On that supposition it is argued that the entire former decree of the lower court was, in substance, affirmed except as to its holdings and decree as to the personal estate. Appellants are clearly in error in such conclusion. On page 539 of the former opinion of this court the substance of the findings of the lower court as the basis of its decree are specifically set forth, one of which findings being recited in this language: "That the one-eighth interest in the real estate which would have been held for the benefit of George F. Muhlke had he lived, upon his death vested in the seven children of Catharina Muhlke who survived him, subject only to the deduction therefrom of an amount sufficient to produce a sum equal to the value of one-third interest in the income thereof capitalized according to the Wigglesworth table." Immediately following this recital, after stating that separate appeals were prosecuted to this court, this statement is found in the opinion: "The errors assigned and argued by the various appellants call in question each of the findings of the court as above set forth." In its opinion the court then proceeds to dispose of all the questions before it, and recites that the decree of the superior court is reversed and the cause remanded, with directions to enter a decree in conformity with the views therein expressed. The decision of the court must therefore be taken as a final decision on all the questions before it.

It is stated, in substance, in appellants' brief that there is now no primary question of construction of the testatrix's will, but that the only question is as to whether or not the lower court by its second decree followed and carried into complete effect the decision of this court. Notwithstanding this statement, which is absolutely correct, a very great part of appellants' brief is devoted to a re-argument as to the meaning of the third clause of the will, with further citation of authorities. As the decision of this court was final, with directions, in substance, to enter a specific and final decree, it is not proper to enter into any further consideration of the original question before this court, but simply to determine from the mandate of this court and its former decision whether or not the second decree of the lower court is in conformity therewith.

Where the direction contained in the mandate of this court is precise and unambiguous it is the duty of the trial court to carry it into execution and not to look elsewhere for authority to change its meaning or direction. The mandate of the court of review, and not its opinion, governs when the mandate differs from the opinion or is specific and plain in its terms. (*Fisher* v. *Burks, ante,* p. 290.) In construing the mandate or in determining what was decided by the reviewing court and what was ordered done the opinion of the court may be examined and consulted, where the remand is stated to be with directions to enter a decree in conformity with the views "herein expressed." (4 Corpus Juris, 1212; *West* v. *Brashear,* 39 U. S. 51.) As the mandate of this court in this case is only in the same general language of the opinion in its directions to the lower court, we must look solely to the opinion to determine the questions now before us.

An examination of the former opinion of this court clearly discloses that the lower court in its final decree has only entered such decree, by the particular parts thereof now complained of by appellants, as it was directed to do by

the mandate of this court. On page 541 of the opinion it was specifically decided that under paragraph (d) of the will only those children of the testatrix having living issue at the end of the twenty-year period were entitled to their distributive shares,—i. e., entitled to be paid or deeded their shares in the estate as their sole and absolute property forever, without any possibility of any further distribution of such shares to others in case they should thereafter become childless. Whether they received any further distribution of such estate by reason of the death thereafter of another childless child was to depend entirely upon the question whether or not they had living issue at the time of the death of such childless child. This is apparent from this language found in the opinion on said same page: "In case of the death of any child without issue having been born to him or her, its share of the estate so held in trust would be distributed on the principles stated in the preceding paragraph of clause 3, and such estate would vest in and be distributed to the persons who at that time answered the description of the beneficiaries named in the will, and not to those who answered such description as of date of the twenty-year period of distribution." By the terms of the will there was to be no distribution of the estate prior to the expiration of the twenty-year period, and for that reason the sentence last quoted is in reference to the death of a child without issue at a time subsequent to the twenty-year period; and for any child surviving the death of such a child to have a distribution to it as its absolute property it must answer at that time the description of the beneficiaries named in the will,—i. e., have living issue at the time of the death of such childless child. This further appears by the following sentences on page 542 of the opinion: "In reading the whole of clause 3 it is apparent that it was the intention of the testatrix that no portion of her estate should vest in any child or children who were childless at the time fixed for distribution. It was a condition prece-

dent to the vesting of an estate that the devisee or legatee must have living issue at the time of distribution.  *  *  * The vesting of either [personalty or realty] in any particular child of the testatrix is conditioned upon such child having issue living at the period fixed for distribution."

The contention of appellants that there is only one time or period fixed for distribution and that the will of the testatrix and the former decision of this court only recognized one time or period for distribution, and that the whole of the estate must then be distributed or the rights of the children of the testatrix be determined at that time or period,— *i. e.,* at the end of the twenty-year period,—is clearly not sanctioned by the former decision of this court, as is shown by the sentences above quoted from our former decision.  It furthermore clearly appears from this sentence found on page 541 of said opinion: "Whether those who at that time [at the end of the twenty-year period] were without living issue, either children or grandchildren, would ever participate in the distribution of the estate would depend upon the event of a child being born to him or her." This and the sentences following it show clearly that no childless child was to be entitled to any distributive share at the end of the twenty-year period, or thereafter, by reason of the death of another childless child, and to have such distributive share as his sole and absolute property, unless he had living issue at such time or period of distribution,—*i. e.,* he would not be entitled to such distributive share at the end of the twenty-year period without living issue, or at the subsequent death of any childless child unless he then had living issue.

The decree of the superior court is affirmed.

*Decree affirmed.*