FRANK L. WILLIAMS, APPELLEE, V. ALLA LANTZ: HETTA R. MCDOWELL ET AL., APPELLANTS: MATTIE C. WILLIAMS, APPELLEE.*

FILED APRIL 8, 1932. No. 28049.

---

* See opinion, p. 790, *post.*

 

 

*Harry R. Ankeny, C. J. Campbell* and *J. Jay Marx,* for appellants.

*T. F. A. Williams, contra.*

Heard before Goss, C. J., Rose, Dean, Good, Eberly, Day and Paine, JJ.

Good, J.

Plaintiff sued to foreclose a tax lien on the north half of a private alleyway, 16 feet wide and 100 feet long. The alleyway in question runs west from the west line of Sixteenth street, in the city of Lincoln, and is midway between S and R streets. Defendant Gamma Phi Beta Building Association (hereinafter referred to as the sorority) has the record title to a tract of land, 100 feet long from east to west, abutting on Sixteenth street and extending from the center of the alley south for a distance of 75 feet. Defendant Mattie C. Williams has the record title to a tract of land, 150 feet long, extending west from Sixteenth street. The east 75 feet lie adjacent to the north line of the alley; the next 25 feet west extend south to the center of the alley, and the west 50 feet of her tract extend south to the south line produced of the alley. Defendant Hetta R. McDowell owns the record title to a tract of land, 50 feet wide, extending from R street 142 feet north, and abutting upon the land owned by Mattie C. Williams. The east end of the McDowell tract abuts the west boundary of the sorority tract.

In 1886 the then owners of the tracts of land lying either side of the center line of this private alley entered into an agreement whereby an easement was created for a private walk and driveway, "to be kept clear of all obstructions, * * * this mutual grant to extend to the heirs and other legal representatives of the parties hereto until same shall be legally set apart by city council as a public alley." It was further provided that the grant might at

any time be annulled by the parties owning the same or their legal representatives. The grant was never annulled by the parties, and the driveway was never set apart by the city council as a public alley.

Many parties were made defendants who were alleged to claim some interest in or to some parts of the tract in question. The sorority and Hetta R. McDowell each filed answers and cross-petitions, the sorority claiming the fee title by prescription to the north half of the alley and asserting the right to redeem from the tax lien. The cross-petitioners made Mattie C. Williams a party defendant.

Hetta R. McDowell alleged that she had acquired and owned an easement over the alley in question by adverse use, and also that by user she had acquired and owned an easement across the land of Mattie C. Williams, extending from the north end of her land to the alley. Mattie C. Williams answered, denying that the sorority had ever acquired title by adverse possession to the north half of the private alley, and alleged that the sorority, in constructing its building, had encroached on the south side of the alley to the extent of four feet, and prayed for a mandatory injunction requiring the sorority to remove the part of its building which encroaches upon the alley. She further denied that McDowell had ever acquired a right of way by user over her land immediately west of the alley.

The trial court found that McDowell had acquired by user for the statutory period a right to use the 100-foot alley, but found that she had not acquired and did not have by user a right of way over the land of Mattie C. Williams to reach the alley, and further found that McDowell had obtained a right of way across a corner of the sorority land whereby she could reach the 100-foot alley. The court further found that the sorority had not acquired title by adverse possession to the north half of the alley, and that it had wrongfully encroached upon the south half of the alley with its building, to the extent of three feet, and ordered the removal of such obstruction

from the alley, unless the sorority would quitclaim to Mattie C. Williams a strip, three feet wide, off the north side of the alley; awarded to McDowell the right to use the center ten feet of the 100-foot alley, and denied to McDowell and the sorority the right to redeem from the tax lien. Incidentally, the decree awarded to Mattie C. Williams a right to redeem from the tax sale the west 25 feet of the north half of the alley, being that part of the alley to which she held record title. The court awarded plaintiff a first lien on the north half of the alley, subject, however, to the easement rights of McDowell, the sorority and Mattie C. Williams, and, subject to such easement, directed a sale of the premises to satisfy the lien. The sorority and McDowell have appealed.

The facts disclosed by the record show that the alleyway in dispute, since its creation in 1886, has been continuously used by the various parties to this litigation, or their grantors, and that at no time has the sorority had the exclusive possession of any part of the alleyway, save that part wherein its building encroaches on the south side of the alley to the extent of three feet, and this for a period of less than five years.

"Title by adverse possession is not established, unless the proof shows actual, exclusive and continuous possession under claim of ownership for the full statutory period of ten years." *Butler v. Smith*, 84 Neb. 78. The evidence is insufficient to support the claim of the sorority to title to any part of the alley by adverse possession.

The sorority and McDowell both insist that each is entitled to redeem from the tax lien. Since the only right that either of these parties had to the north half of the alley was an easement for the purpose of a walk and driveway, and since the decree foreclosing the tax lien orders the property sold subject to these easements, neither the sorority nor McDowell is affected as to any right they may have in or to the north half of the alley. All the right thereto which either of them has is preserved and retained. No one has a right to redeem from

a tax lien on realty whose interest therein will not be affected by its foreclosure.

It appears beyond dispute that, in erecting its building, the sorority wrongfully encroached upon the south side of the alleyway to the extent of three feet by constructing an areaway and stairway in the alley, and that this was done over the objection and protest of Mattie C. Williams.

Where two or more parties enter into an agreement creating an easement for a driveway and walk upon the division line of their respective properties, and for a certain width of such driveway, neither party has a right to encroach thereon and deprive the other of the full width of the driveway created by the contract. In 19 C. J. 984, it is said: "If by the terms of the grant or reservation the way must be of a certain width, no structures can be erected which encroach upon the width stated." See, also, *Ballinger v. Kinney*, 87 Neb. 342. The decree ordering the removal of the stairway and areaway of the sorority which extends into and encroaches upon the 16-foot alley is in accordance with sound principles of equity.

Complaint is made because the trial court would permit the encroachment by the sorority to remain on condition that it would relinquish to Mattie C. Williams its right to the easement in the north three feet of the alley. The court does not compel such action, but leaves it optional to the sorority to either remove the areaway and stairway that encroach or to relinquish its right to a corresponding width on the north side of the alley. This was a favor to the sorority and not prejudicial to it. It therefore has no just grounds to complain of this action.

McDowell complains because of the action of the trial court in not awarding to her an easement across the land of Mattie C. Williams which lies north of and adjacent to the tract owned by McDowell. From the evidence it appears that for many years McDowell had a garage practically on the northwest corner of her tract of land; that the doors of this garage opened to the north; that, in order to enter the garage, it was necessary to travel over a part of the tract of land now owned by Mrs. Williams,

and that it was so used. Whether this was done under a claim of right or by permission of the former owners of Mrs. Williams' tract lying north of the McDowell tract does not appear. It does appear that the plaintiff rented this garage from McDowell and traveled over a part of the tract owned by his wife to enter the garage. In about the year 1921 or 1922, McDowell informed plaintiff that she desired the garage for her own use, and thereupon he vacated, and there was erected upon the southwest corner of Mrs. Williams' tract a garage that was immediately in front of the McDowell garage and which effectually prevented entrance to the latter garage by any car. McDowell did not protest against the erection of the Williams garage, but immediately changed the entrance to her garage so that the doors were on the east, and, in order to reach the 100-foot alleyway, she traveled across the north end of her tract and the northwest corner of the sorority's tract. The evidence justifies the inference that, by mutual consent between McDowell and the Williams, she waived and abandoned any right she might have had to cross over the Williams tract to reach the private alleyway.

In 9 R. C. L. 812, sec. 68, it is said: "An easement may be abandoned by unequivocal acts showing a clear intention to abandon and terminate the right, or it may be done by acts in pais without deed or other writing. The intention to abandon is the material question, and it may be proved by an infinite variety of acts. It is a question of fact to be ascertained from all the circumstances of the case; and, as a rule, no one case can be authority for another. Time is not a necessary element; it is not the duration of the nonuser, but the nature of the acts done by the dominant owner, or of the adverse acts acquiesced in by him, and the intention which the one or the other indicates, that are important, and a cessation of use for a term less than the prescriptive period, accompanied by acts clearly indicating an intent to abandon the right, will work an extinguishment of the easement."

It further appears that McDowell had an agreement with the sorority, whereby she consented to its extending its areaway and stairway into the alleyway on condition that she should have a driveway across the northwest corner of the sorority's tract, and that for the last eight or nine years she has had a graveled driveway across its tract by which she has ingress and egress to and from her garage to the private alleyway.

We are of the opinion that the court rightly determined that McDowell did not have an easement or right to cross the tract of land owned by Mattie C. Williams, and that McDowell, having consented to the sorority encroaching three feet upon the alleyway on the south side, may not complain that the sorority, if it so elects, may relinquish its right to the north three feet of the alleyway, since McDowell will still have the right of ingress and egress from her premises to the private alleyway.

No error appears in the record prejudicial to the complaining parties. The judgment is therefore

AFFIRMED.