ELLSWORTH CORPORATION, APPELLEE, V. ALBERT STRAT-
BUCKER ET AL., APPELLANTS.

278 N. W. 381

FILED MARCH 11, 1938. No. 30209.

*Henry Mencke* and *John A. McKenzie,* for appellants.

*William J. Maher, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE,
CARTER and MESSMORE, JJ.

ROSE, J.

This is a suit in equity to quiet in plaintiff title to lands
in Washington county and to enjoin defendants from
trespassing thereon or otherwise interfering therewith.
The land is situated near the Missouri river and is par-
ticularly described in the petition. The actual controversy
is limited to a strip of land 305.1 feet long north and
south and 69 feet wide east and west and is in the south-
east corner of lot 11, section 27, township 17, range 13.
Ownership, title and trespass are the issues. Plaintiff, the
Ellsworth Corporation, claims lot 11, including the strip
of land in dispute. Defendants, Albert Stratbucker and
wife, claim the land adjoining lot 11 on the east, including

the small strip described. The facts relating to the respective claims of the parties are pleaded in detail.

Upon a trial of the cause, the district court found the issues in favor of plaintiff, quieted its title and enjoined defendants from claiming any interest in the premises in dispute and from interfering with the ownership and possession of plaintiff. Defendants Stratbuckers appealed.

Plaintiff proved title in Truman E. Stevens, December 9, 1913, by warranty deeds of that date to him from Knud Larsen and Sene Larsen, husband and wife, who were then owners of lot 11 and holders of the legal title thereto. Grantee in those deeds, who thus became the owner of the land described therein and holder of the legal title thereto, testified at the trial that plaintiff is a corporation of which he has been president and managing agent since its organization; that the description in the deeds covered lot 11; that he conveyed to plaintiff the title which he acquired by the deeds; that he and plaintiff have been in exclusive possession under them since 1913. The deeds conveying the title to Stevens were delivered to him, accepted and recorded and are in the record as evidence.

Defendants contend that title from Stevens to plaintiff was not proved, since there is in the record no evidence of a conveyance in writing to that effect. As already explained, plaintiff proved title in Stevens. Without objection he testified he conveyed it to plaintiff and in that particular he was uncontradicted. According to his testimony the conveyance made was effective to give possession to plaintiff, a grantee making no complaint of the character of the conveyance. Title was a material issue in the case. Stevens, the owner, president and managing agent of plaintiff, a corporation, stated on the witness-stand as a fact, without objection, that he conveyed the land to plaintiff. Under the circumstances it is fair to infer that a deed from Stevens to plaintiff was not offered in evidence because there was no objection to his testimony that he conveyed the premises to plaintiff. In a suit in equity, the evidence was sufficient to make a *prima facie* case in favor of plain-

tiff, when the claims interposed by defendants are considered.

The action is not ejectment but a suit in equity which is maintained to quiet title under the law of Nebraska while plaintiff is in possession. Defendants argue that plaintiff's title fails because a deed from Stevens to plaintiff is missing and that it must rely upon the strength of its own title and not upon the weakness of that of its adversary. In this connection the claims of defendants must be scrutinized. They pleaded adverse possession, but an examination of the record on that issue fails to prove they were in actual, open, exclusive and continuous possession of the strip of land in controversy under claim of ownership for the full statutory period of ten years. Adverse possession by defendants, therefore, was not proved. *Williams v. Lantz,* 123 Neb. 67, 242 N. W. 269. They failed also to prove title or other interest in themselves. Having no defense to plaintiff's cause of action and no valid claim for affirmative relief in equity, plaintiff, as against them, made a *prima facie* case for the quieting of title. The decision on appeal is the same as in the court below.

AFFIRMED.