STATE, EX REL. BEN F. CONKEY, RELATOR, v. MARK J. RYAN, DISTRICT JUDGE, RESPONDENT.

285 N. W. 923

FILED MAY 25, 1939. No. 30721.

George W. Leamer, for relator.

Clarence E. Haley, for respondent.

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

CARTER, J.

This is an original action filed in this court to obtain a peremptory writ of mandamus against Mark J. Ryan, district judge in and for Dakota county. An alternative writ was issued by this court and the defendant has appeared and answered. The cause was submitted on the pleadings and records properly before the court. The only question is whether a peremptory writ should issue.

The record shows that on November 12, 1936, Ben F.

Conkey, the relator, commenced an action in the district court for Dakota county against Hans Knudsen, Jr., Clara Knudsen, Hans Knudsen, Jack L. Hamp, Lewis W. Newman, Maggie Leedom, Pearl M. Sanford, Sene Knudsen, Maude Harris, Harry J. Goodfellow, Martha E. Goodfellow, Otis Wood, and all persons having or claiming any interest in and to certain accretion lands described therein by metes and bounds, real names unknown. All the parties were duly summoned as provided by section 20-321, Comp. St. 1929. On February 10, 1938, a default was entered against Hans Knudsen, Jr., Clara Knudsen, Lewis W. Newman, Pearl M. Sanford, Maude Harris, Harry J. Goodfellow, Martha E. Goodfellow, and all persons having or claiming any interest in and to said lands, real names unknown. No appeal was taken from this decree and it has therefore become final.

On March 31, 1938, the cause came on for hearing on the claims of Hans Knudsen, Sene Knudsen, Maggie Leedom, Otis Wood and Jack L. Hamp. The court found against all of these defendants and entered a decree to that effect. The first four named answering defendants perfected an appeal to this court and on March 10, 1939, this court affirmed the decree of the district court. *Conkey v. Knudsen*, 135 Neb. 890, 284 N. W. 737. On April 20, 1939, the mandate of this court was filed, and on April 25, 1939, a judgment was entered on the mandate directing that a writ of assistance issue upon the præcipe of plaintiff to put plaintiff in possession of the lands described in his original petition.

On May 5, 1939, the trial court entered an order that one Glen Scherner, who went into possession of a part of the land in question while the appeal was pending in this court, and who claims under an owner of the "old river bank" who was not named as a party defendant in plaintiff's petition, should remain in possession until the claims of all the "old river bank" owners to the accreted lands be adjudicated. Plaintiff contends that under this state of the record he is entitled to possession as a matter of law.

It seems to us that the case largely turns upon the effect

to be given to section 20-321, Comp. St. 1929, which is in part as follows: "In any action wherein the subject-matter is as described in the first or fourth subdivisions of section 7640 (20-517) wherein it is alleged in the petition or other pleading that there are persons who have or that there are persons who claim or appear to have some interest in, right or title to, or lien upon any real or personal property within this state involved in such action, and that the ownership of, interest in, rights or title to, or lien upon such property of such persons, does not appear of record, in or by their respective names, in the county wherein such property is situated, and that the plaintiff or person in whose behalf such allegations are made, after diligent investigation and inquiry, is unable to ascertain and does not know the names or whereabouts if in this state, or the residence of such persons, such action may proceed against all such persons designated as 'all persons having or claiming any interest in' such property which shall be accurately and definitely described, followed by the words, 'real names unknown,' and defendants so designated may be served by publication. * * * Judgments and decrees against persons so designated and made defendants and served by publication as herein provided shall be conclusive as against all persons who are not in actual possession of such property and whose ownership of, interest in, rights or title to, or lien upon such property does not appear of record in or by their respective names in the county wherein such property is situated." Section 76-402, Comp. St. 1929, appears to be to the same general effect as the foregoing section.

There can be no question that Scherner and those under whom he holds possession were not in actual possession of the lands in question at the time plaintiff commenced his suit and obtained service by publication. That a notice of *lis pendens* was on file is not disputed. The question then arises whether Scherner and those from whom he derives his right to possession were record owners within the purview of the cited statute.

It appears that Scherner leased the lands of which he took possession from P. F. Verzani, who had obtained a quitclaim deed from James P. Goodfellow and wife, the owners of record of a part of the "old river bank" to the south of plaintiff. The record further discloses that Verzani obtained his quitclaim deed during the pendency of the case and at a time when he was appearing in the litigation as an attorney for one of the parties to it. It is the contention of Verzani that the accretions to the James P. Goodfellow land extend to the river in a northeasterly direction from his land and including a part of the accretions claimed by plaintiff. It is the contention of plaintiff that the accretions to his land lie between his land and the river in a due easterly direction. It is apparent, therefore, that a determination of the ownership of the disputed accretion lands cannot be made until evidence establishing the course and direction of the Missouri river at that point is produced. Neither can an adjudication of the rights of the various claimants be obtained until surveys are made in accordance with the law governing the ownership of accreted lands. In other words, whether Verzani is a record owner of the lands herein involved is a question of law and fact in the case before us. If he fails to establish that the lands in question accrete to the lands of James P. Goodfellow, he is conclusively barred by the default decree of the district court as provided in section 20-321, Comp. St. 1929. If he is in a position to and does establish that the lands in question accrete to the lands owned by James P. Goodfellow, and he is thereby constituted a record holder, he then for the first time has a right superior to that of the plaintiff. The decrees of the district court herein entered constitute a pronouncement of a *prima facie* title in the plaintiff which entitles him to the possession of the lands until a superior right is adjudicated to be in some other person. To hold otherwise would place a premium on lethargy and inaction as well as to deprive the plaintiff of the fruits of his litigation and the benefits that accrue to the diligent.

We do not decide the rights of the interveners or of any other persons claiming an interest in the subject-matter of the action. These are matters within the original jurisdiction of the district court and not before us in this proceeding.

While we feel that the respondent was acting in good faith with a view of disposing of all the controversial matters involved in a troublesome situation, we are of the opinion that his action deprives the relator of a valuable right to which he is entitled as a matter of law. For the reasons herein set forth, the peremptory writ will issue.

WRIT ALLOWED.