LELA M. ASBRA ET AL., APPELLANTS, V. EVA DEAN ET AL., APPELLEES, PHILLIP F. VERZANI, INTERVENER-APPELLEE.

68 N. W. 2d 696

Filed February 25, 1955.   No. 33679.

*Leamer & Graham,* for appellants.

*Mark J. Ryan,* for intervener-appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is a suit by Lela M. Asbra and others to quiet their title to certain accretive lands in Dakota County. The appellee Verzani is an intervener in the action who claimed the title to a portion of the lands claimed by the plaintiffs. The trial court found for the intervener and plaintiffs appeal.

Various phases of this case have been before the court previously. See, Conkey v. Knudsen, 135 Neb. 890, 284 N. W. 737; State ex rel. Conkey v. Ryan, 136 Neb. 334, 285 N. W. 923; Conkey v. Knudsen, 141 Neb. 517, 4 N. W. 2d 290; Conkey v. Knudsen, 143 Neb. 5, 8 N. W. 2d 538. The present issue involves an interpretation of the opinion and mandate in the case last cited. The plaintiffs are the successors in title to Henry Francisco. The intervener is the successor in title to James P. Goodfellow.

It is the contention of the plaintiffs that they were awarded title to the tract in dispute by certain language in the mandate issued in Conkey v. Knudsen, 143 Neb.

5, 8 N. W. 2d 538. The language in the mandate relied upon by plaintiffs is as follows: "It is therefore considered, ordered and adjudged that the opinion of this court filed herein on May 29, 1942 and the judgment entered thereon be vacated and set aside and the district court be, and it hereby is directed to modify its judgment to provide that the title to the accretive land shown on exhibit 105 as parts of sections 12, 8 and 9 and lying east of the first chute and west of the Missouri river, above described, be vested in Henry Francisco and in all other respects said judgment of the district court is affirmed." Exhibit 105 was attached to and made a part of the decree of the district court.

The intervener relies upon the opinion of this court in Conkey v. Knudsen, 143 Neb. 5, 8 N. W. 2d 538, and an additional provision contained in the mandate issued in that case. That part of the foregoing opinion relied upon is as follows: "The trial court made no disposition of the accretive lands shown on the map as lying east of the first chute and west of the Missouri river, excluding that part awarded to James P. Goodfellow, or any lands south or east of it. We think the title to this land, shown on the map as parts of sections 12, 8 and 9, is in Henry Francisco by virtue of his adverse possession for the statutory period, and under the record in this case the decree should have so provided. We therefore direct the trial court to enter a supplemental decree awarding the title to these lands to the appellant Henry Francisco." The additional provision of the mandate relied upon by the intervener states: "* * * the court finds no error in that part of the judgment of said district court wherein division is made of the accretion land involved herein among the high bank owners nor in that part of said judgment determining claims of title by adverse possession in the respective parties, but does find that the title to the accretive land shown on exhibit 105 as parts of sections 12, 8, and 9 and lying east of the first chute and west of the Missouri river

excluding that part awarded to James P. Goodfellow or any lands south or east of it, is in Henry Francisco by virtue of his adverse possession thereof."

The mandate provided that "a certified copy of the opinion of the Court being hereto attached and made a part hereof, the following judgment was rendered: * * *." We have held where a mandate incorporates the opinion of the court by reference, they shall be construed together in determining the meaning of the mandate. In State ex rel. Johnson v. Hash, 145 Neb. 405, 16 N. W. 2d 734, we said: "It will be noted that the mandate makes the opinion of the court a part thereof by reference. Under such circumstances, the opinion of the court can properly be examined in determining the nature and terms of the judgment to be entered or action to be taken. This seems to be the rule where the opinion is made a part of the mandate or where the remand is with directions to enter a decree in conformity with the views 'herein expressed' or 'in accordance with the opinion.'" See, also, Master Laboratories, Inc. v. Chesnut, 157 Neb. 317, 59 N. W. 2d 571; Elliott v. Gooch Feed Mill Co., 147 Neb. 612, 24 N. W. 2d 561; Glissmann v. Bauermeister, 146 Neb. 197, 19 N. W. 2d 43.

An examination of the mandate sustains the position of the intervener. The mandate states that Francisco is the title owner of the accretive land shown on exhibit 105 as parts of Sections 12, 8, and 9 lying east of the first chute and west of the Missouri River, excluding the part awarded to James P. Goodfellow and all lands lying south and east of the Goodfellow lands. Consequently the triangular tract described in intervener's petition of intervention belongs to intervener and is expressly excluded from the tract now claimed by the heirs of Francisco. The contention of the plaintiffs, based on a subsequent provision of the mandate, overlooks the fact that although the words "excluding that part awarded to James P. Goodfellow" are not specifically used, the meaning is the same as if they had been in-

serted because of the use of the words "above described," such latter language referring to the description in which the exclusionary provision was inserted.

But even if it could be said that ambiguity existed in the language of the mandate, the opinion of the court clearly states that the described tract claimed by the heirs of Francisco does not include that awarded to Goodfellow. The applicable rule is: Where a mandate is in the same general language of the opinion in its directions to the lower court, reference may be made solely to the opinion to determine whether the lower court's decree is in accordance with the mandate. 5 C. J. S., Appeal and Error, § 1963, p. 1494; Muhlke v. Muhlke, 285 Ill. 325, 120 N. E. 770. The opinion clearly sustains the construction we have heretofore given the mandate. We necessarily conclude that the position of the intervener is the correct one and that the trial court was right in so holding.

AFFIRMED.