WESTINGHOUSE ELECTRIC SUPPLY CO., A DIVISION OF WESTINGHOUSE ELECTRIC CORPORATION, A CORPORATION, APPELLEE, V. JACK BROOKLEY, DOING BUSINESS AS BROOKLEY ELECTRIC, APPELLANT, IMPLEADED WITH AMERICAN CASUALTY COMPANY, A CORPORATION, APPELLEE.

142 N. W. 2d 308

Filed April 29, 1966. No. 36137.

George B. Boland, John R. Fike, and A. J. Whalen, for appellant.

Crawford, Garvey, Comstock & Nye, John H. Trenerry, Jr., and James R. McGreevy, for appellee Westinghouse Electric Supply Co.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and BRODKEY, District Judge.

SMITH, J.

This appeal involves interpretation of our opinion on a former appeal in the same case, 176 Neb. 807, 127 N. W. 2d 465. Subsequent to our mandate the district court dismissed plaintiff's action as to defendant American Casualty Company but not as to defendant Jack Brookley, the present appellant.

We are guided more by the reality of the record than by symmetry of concepts. The action was based on

materials furnished by plaintiff to Brookley, who was performing a public works contract bonded by American Casualty Company. Brookley filed in district court a separate answer consisting of a general denial. After trial on the merits plaintiff recovered a money judgment against both defendants. Brookley failed to move for a new trial or to appeal. The surety appealed, attacking only the judgment against it; however, its action invoked appellate jurisdiction over Brookley. See Madison County v. Crippen, 143 Neb. 474, 10 N. W. 2d 260.

The action on the bond being statutory, we held that the right was barred by a 1-year statute of limitations. Our mandate provided in part: "it was considered * * * that the judgment rendered by you be reversed. * * * and the cause dismissed."

Brookley reads into the quoted language a reversal of the judgment against him. We examine also the opinion, which was incorporated in the mandate. See Asbra v. Dean, 160 Neb. 6, 68 N. W. 2d 696. All issues converged upon the judgment against the surety, and we paid no attention to undisclosed complaints of Brookley, who was a contented party on the face of the record. We overlooked the procedural complication.

Because of the close question of interpretation we consider the principle which ought to have governed the first appeal. A judgment against multiple defendants may be reversed as to one defendant alone, unless the reversal would be prejudicial or inequitable because of a special factor, such as interdependent rights of all defendants. Fick v. Herman, 161 Neb. 110, 72 N. W. 2d 598. A reversal does not follow the single circumstance that a satisfied defendant, similarly situated, would have prevailed if the district court had correctly applied the law.

Brookley has not been prejudiced. The judgment determined his liability for the materials. His position has not been worsened by the reversal of judgment

against the surety. Justice and equity are set against this belated claim.

The judgment is affirmed.

AFFIRMED.