FARMERS & MERCHANTS BANK OF HOLSTEIN ET AL. V. GERMAN NATIONAL BANK OF LINCOLN.

FILED NOVEMBER 9, 1899. No. 10,699.

1. Appointment of Receiver: NOTICE OF APPLICATION: WAIVER. Notice of an application for the appointment of a receiver is required to be given at least five days before the proposed hearing. The party adverse to the application may waive the statutory notice, and will be held to have done so, when he has appeared and resisted the application entirely upon other grounds.

2. ——: ——: ——. When proper notice has been given, or the parties interested have voluntarily appeared, the court may appoint as receiver a suitable person other than the one proposed or named by the plaintiff or applicant, without the giving formal notice of such proposed action to the parties.

3. **Receiver: APPLICATION: VERIFICATION: WAIVER.** The application or petition for a receiver should be verified by the applicant. But verification is not essential to jurisdiction, and the verification may be waived.

4. **Review: REMANDING CAUSE: PROCEEDINGS BELOW.** When a cause is remanded by this court with directions as to further proceedings, the court below has no power to do anything but carry out the directions thus given it.

ERROR from the district court of Lancaster county. Tried below before CORNISH, J. *Affirmed.*

*Capps & Stevens* and *F. A. Boehmer,* for plaintiffs in error.

*Lamb & Adams, contra.*

NORVAL, J.

This cause was before us on a former occasion. See *German Nat. Bank v. Farmers & Merchants Bank,* 54 Nebr., 593. The suit was to enforce the constitutional liability of the stockholders of the Farmers & Merchants Bank. When the cause was here before no receiver had been appointed to make the collections, and disburse the moneys to the creditors of the defunct bank. After the reversal of the judgment, the district court appointed Elmer B. Stephenson receiver to collect from the several stockholders of the defendant corporation the several amounts respectively assessed and decreed against each of them. The Farmers & Merchants Bank and the stockholders have severally prosecuted this error proceeding.

The point first made is that the receiver was appointed without notice to the defendants, and therefore such appointment is void. The statute requiring the giving of notice of an application for a receiver is mandatory, and an appointment made without such notice, in the absence or without the consent of the party affected thereby, is invalid. See Code of Civil Procedure, sec. 274; *Johnson v. Powers,* 21 Nebr., 292. But the requirements of the statute in regard to notice may be waived, and

should be so regarded where the parties have appeared in court, and resisted the application for receiver on grounds other than the want of proper notice. The object of the statute relative to the giving of notice was to afford the parties interested an opportunity to resist the application, and when there has been a voluntary appearance without notice the purpose of the statute is accomplished, and the giving of the statutory notice is waived unless the want of notice is at the time urged as a reason why a receiver should not be appointed. In the case at bar, five days' notice in writing was given the defendants of the time and place when the plaintiff would apply to the court for the appointment of a receiver, and such notice also proposed William A. Green as the receiver, and gave the names of his proposed sureties, as well as the name of the proposed surety for the plaintiff, in all respects as required by said section 267 of said Code. The defendants appeared and resisted the appointment, without making any objection that due and legal notice had not been given. It is true after the hearing was had, the court did not appoint the person named in the notice, but, on its own motion, designated Elmer B. Stephenson as receiver. Legal notice of the application for a receiver having been given, and the defendants having appeared and being at the time in court, jurisdiction was acquired, and having once attached, the court had undoubted power and right to appoint some person other than the one named or suggested by the plaintiff without any additional, other, or future notice.

It is also urged that the appointment was without jurisdiction and void, as no petition verified by the applicant was presented to the court for its action. The facts making the appointment of a receiver necessary were disclosed by the original petition filed by the plaintiff in the cause which was properly verified, but a receiver was not asked therein. An unverified motion was filed praying a receiver be appointed. When the cause was previously before us, it was pointed out in the opin-

ion that a receiver should be appointed. In conformity with such opinion and the mandate issued in pursuance thereof, the trial court took the action it did. The motion and original petition in the cause should be considered together; and it appearing therefrom that the appointment of a receiver was indispensable to a proper determination of the litigation and a preservation of the rights of the parties, it can not be successfully asserted that the application was insufficient to confer jurisdiction. The statute requires that the application for a receiver shall be verified by the applicant, but it cannot be doubted that verification may be waived by the other party. Verification was not essential to jurisdiction. See *Ellison v. Tallon*, 2 Nebr., 14; *Dorrington v. Meyer*, 8 Nebr., 211. The omission to verify the motion or application was therefore waived by the failure to make objection on that ground.

Complaint is made that the order appointing a receiver is not sustained by any evidence. No evidence was necessary, as the case was of such a nature that the appointment of a receiver was an indispensable necessity, as pointed out in the former opinion herein, and the cause was reversed and remanded to the court below "for modification of the decree, and such further proceedings as we have hereinbefore indicated, and as may be necessary to insure the proper relief herein." In appointing the receiver, the district court merely complied with the requirements of the said opinion and the mandate issued in the cause. The court below could not do anything but carry out the directions contained in the opinion and mandate. It required no evidence to authorize it to act. The law of the case was settled in the former appeal and was conclusive upon the court below, as well as upon this court on a new appeal. The order from which this proceeding was prosecuted is right and will be

AFFIRMED.