EMILE REGOUBY, APPELLANT, V. DAWSON COUNTY IRRIGA-
TION COMPANY, APPELLEE.

FILED MARCH 12, 1935.   No. 29413.

*Frank M. Johnson* and *Craft, Edgerton & Fraizer,* for
appellant.

*Cook & Cook, contra.*

Heard before GOSS, C. J., GOOD, EBERLY, DAY, PAINE
and CARTER, JJ., and CHAPPELL, District Judge.

CHAPPELL, District Judge.

This is an equity case heretofore tried *de novo* by this
court. The opinion appears at 126 Neb. 711. The man-
date of this court, dated May 9, 1934, provides: "This
cause coming on to be heard upon appeal from the district
court of Dawson county, was argued by counsel and sub-
mitted to the court; upon due consideration whereof, the
court finds no error apparent in the record of the pro-
ceedings and judgment of said district court in refusing
the injunction, but does find error apparent in misapplying
proper rules of damages. It is, therefore, considered, or-
dered and adjudged that that part of the judgment of said
district court denying the injunction be, and the same
hereby is, affirmed, and in all other respects said judgment
is reversed and the cause is remanded with instructions to
compute the damages in accordance with the opinion of
this court this day filed herein."

Quoting from the opinion, this court said:

"The trial court denied plaintiff any damage occasioned
to his crop by the overflow of his land, covering it with
silt and débris, and also denied him damages for the

erosion caused by the breaking over of the canal embankment. The trial court should have allowed plaintiff damages such as were fairly and justly warranted by the evidence, as follows: The value of the land actually taken by the canal, and borrowed earth used in the reparation thereof; special damages to the remainder of the tract occasioned by the project that could have been properly anticipated, such as inconvenience in husbandry, moving of fences, drainage of ponds and sloughs, and the like, and from this item there should have been deducted whatever amount such damages were lessened by the building of bridges and the construction of fences. No offset against plaintiff's special damages should have been allowed for general benefits to the land in question which are enjoyed by all the irrigable land tributary to the canal. In addition to the above, any resultant damage occasioned by the negligence of the defendant in the construction of its canal, such as overflowing and flooding of plaintiff's land, which cannot be reasonably anticipated in the allowance of special damages. From this item there should be deducted whatever amount the defendant has minimized the same by repairing flood damage to plaintiff's residence. The trial court was correct in refusing the injunction, but committed error in misapplying proper rules of damages.

"That part of the decree denying the injunction is affirmed, but in all other respects the same is reversed and the cause remanded, with instructions to compute the damages in accordance herewith." *Regouby v. Dawson County Irrigation Co.*, 126 Neb. 711.

Plaintiff, appellant, immediately upon return and filing of the mandate, filed a motion for judgment on the mandate. At the hearing thereon, the trial court made the following statement in the record: "Since the supreme court seems to be confused in the facts in this case, as to what actually occurred, the court is going to permit both plaintiff and defendant to introduce any additional testimony as to the damages or anything else involved in this case which will be helpful to this court and to the supreme

court." Over plaintiff's objection throughout the record, additional testimony was taken by the court, at the conclusion of which the court entered judgment as follows:

"And now on this 19th day of July, 1934, the same being a day of the regular May, 1934, term of the district court of Dawson county, Nebraska, Honorable I. J. Nisley presiding, this cause came on to be heard upon the motion of the plaintiff for judgment on the mandate. Said motion is duly argued to the court by both the plaintiff and defendant and, upon consideration thereof, the court finds that the same should be overruled.

"It is therefore ordered that plaintiff's motion for judgment on the mandate be and the same is hereby overruled, to which ruling the plaintiff excepts.

"And now on this same day, said cause came on for trial, evidence was received on behalf of the defendant and the plaintiff, both sides rest and said cause is taken under advisement by the court.

"And now on this 20th day of July, 1934, said cause having been taken under advisement, the same now comes on for determination upon the pleadings and the evidence. Upon consideration whereof, the court finds that the value of the land taken by the appropriation, borrowed dirt used by the defendant in repairing a break, special damages to the remainder of plaintiff's land occasioned by the building of the irrigation project, and damages sustained by the plaintiff by reason of the washout or gulch in plaintiff's land are in the total amount of $325, and that the plaintiff should have judgment against the defendant for said amount."

Motion for new trial was overruled, and plaintiff again brings the case to this court.

It appears that there are but two questions for our consideration: (1) Should the trial court have obeyed the mandate of this court and entered judgment for appellant as directed? (2) The amount of appellant's damages. The first question must be determined by the mandate of this court upon the former appeal. It is a well-known

rule of law that, when a case is sent back by the supreme court to the trial court with specific directions, the trial court has no alternative except to follow the directions given in the manner set forth therein. *Story v. Robertson,* 5 Neb. (Unof.) 404; *State v. Sheldon,* 26 Neb. 151; *Oliver v. Lansing,* 51 Neb. 818; *Farmers & Merchants Bank v. German Nat. Bank,* 59 Neb. 229; *State v. Dickinson,* 63 Neb. 869; *State v. Thompson,* 69 Neb. 157; *Gadsden v. Thrush,* 72 Neb. 1; *Gund v. Ballard,* 80 Neb. 385; *State v. Farrington,* 86 Neb. 653; *Kerr v. McCreary,* 86 Neb. 786; *Jobst v. Hayden Bros.,* 88 Neb. 469; *Bliss v. Live Stock Nat. Bank,* 124 Neb. 880; 9 Bancroft, Code Practice and Remedies, 9787, sec. 7440, and notes.

There had been no change in the circumstances. No new question presented itself. No new reason appeared which would require a further hearing to do justice and equity between the parties. The record was complete. The case had been fully tried in the district court, and tried *de novo* in this court. The trial court, upon the record before it made at the previous trial, should have computed the amount of plaintiff's damages as directed by this court, entered judgment therefor, and ended the litigation, instead of granting the defendant a new trial.

The judgment given plaintiff by the trial court is wholly inadequate and contrary to the evidence and the mandate of this court.

The judgment is reversed and the cause is remanded, with directions that the trial court enter judgment for plaintiff, appellant herein, in the sum of $1,400, with interest from December 16, 1932, and that defendant pay all costs.

REVERSED.