ANNA SULLIVAN, APPELLEE, V. MICHAEL J. SULLIVAN, APPELLANT.

4 N. W. (2d) 919

FILED JULY 17, 1942. No. 31358.

*Gross & Crawford* and *James J. Gleason,* for appellant.

*Brown, Crossman, West, Barton & Fitch* and *Edward A. Nelson, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

ROSE, J.

This is a proceeding to modify a decree in a suit for a divorce and to release defendant from further payments of alimony and from further support for his children.

Anna Sullivan, plaintiff, recovered a decree in the district court for Douglas county November 12, 1929, granting her a divorce from her husband, Michael J. Sullivan, defendant, the custody of their children, Bernice, age 10, and Michael, age 8, and, in addition to other relief, alimony for plaintiff and support for the children at the rate of $65 a month.

The petition of defendant for relief from his pecuniary obligations under this decree alleges in substance that it was subsequently modified from time to time and that he made all payments required by the original decree and by the modifying orders; that he is not now indebted to plaintiff; that his daughter Bernice is now 21 years of age and that defendant is no longer liable for her support; that defendant's son Michael is now 18 years of age, is employed and is self-supporting and is not entitled to further support from his father; that defendant's health is impaired; that he is out of employment and in dire need for his own sustenance.

The answer of plaintiff puts in issue the alleged modifications of the original decree and the alleged payments satisfying alimony and support for the children, and alleges that defendant owes plaintiff for unpaid alimony and for support of the children $4,846.48; that his daughter Bernice is a permanent invalid, unable to minister to or care for herself and will remain so for life and will be dependent upon her father for support.

Upon a trial of the issues the district court found and decreed that there had been no modification of the original decree reducing the instalments of $65 a month and that the

unpaid balance due plaintiff was $4,296.52, with interest from March 12, 1940. By further findings and decree defendant was released from payments for alimony and from support for the children subsequent to March 12, 1940. The original decree was modified accordingly. Defendant appealed from the judgment against him for $4,296.52.

In attacking as erroneous the judgment for unpaid portions of the instalments for alimony and for support, counsel for defendant argued that the allowance of $65 a month by the decree of November 12, 1929, was subject to modification, owing to changed condition of the parties; that defendant stripped himself of all his property for the benefit of plaintiff and their children; that he was subsequently out of employment and income at times; that his earnings decreased until he was unable to pay the monthly instalments in full; that by order of the judge by whom the divorce was granted November 12, 1929, the instalments of $65 a month were reduced to $50 a month July 24, 1933; that, under orders from the juvenile court or from officers thereof, defendant paid plaintiff from his earnings less than the instalments specified in the original or modified decree; that he made payments to the utmost of his ability until he commenced this proceeding for release from further liability March 12, 1940; that he thus satisfied the decree for alimony and support.

In this argument there is a fallacy. Defendant did not prove any modification of the original decree. The monthly instalments for alimony and support vested in plaintiff by judgment as they matured. Thereafter the unpaid portions could not be taken away by order of court. The law has been stated as follows:

"The law is well established in this state that instalments of alimony become vested as they accrue, and that past-due instalments become final judgments, and courts have no authority to cancel or reduce the amount of such accrued payments. *Wharton v. Jackson,* 107 Neb. 288, 185 N. W. 428; *McIlwain v. McIlwain,* 135 Neb. 705, 283 N. W. 845; *Was-*

*sung v. Wassung*, 136 Neb. 440, 286 N. W. 340." *Clark v. Clark*, 139 Neb. 446, 297 N. W. 661.

The cases cited show that the law stated applies to support for children as well as to alimony.

The order of July 24, 1933, upon which defendant relies to show a reduction in the monthly instalments, recites:

"That heretofore an order issued out of the court ordered said Michael J. Sullivan to pay in to the clerk of the district court of Douglas county, Nebraska, the sum of $50 per month for the support and maintenance of his three minor children."

Defendant did not produce any record or other evidence of an order such as that to which reference is thus made, or any petition therefor or any notice to plaintiff who was without knowledge of any modification of her decree for divorce and alimony. Orders to pay less than vested, past-due monthly instalments were not modifications of the original decree and amounted to no more than directions to make or impound partial payments from defendant's earnings. The evidence is found insufficient to sustain a judgment in favor of defendant on his plea that the monthly instalments required by the original decree were reduced in amount by subsequent modifications and fully paid. The district court properly found that the amount due plaintiff March 12, 1940, was $4,296.52, with interest from that date.

Owing to changed condition of the parties the district court released defendant from liability for payments of alimony and support subsequent to March 12, 1940. From this order there is a cross-appeal by plaintiff. The release was justified by the evidence. The proofs show that the earnings of defendant at the time of the trial herein, if any, did not exceed what was necessary for his own livelihood and that he had no other income. Plaintiff then had, free from encumbrance, the home she had acquired from defendant at the time of the divorce. At the time of the trial herein plaintiff was able to support herself and her invalid daughter by the aid of her son, by her own earnings while employed and by the income from roomers and boarders. Relief on the

cross-appeal is therefore denied, but this will not preclude further modification of the original decree to order defendant to support his invalid daughter, if required by further changed condition of the parties.

Error in the record has not been found. The judgment below is therefore affirmed at the costs of defendant, including attorneys' fees of $250 for services of counsel for plaintiff in the supreme court.

AFFIRMED.