KATHRYN DE LAIR, APPELLEE, v. CHARLES DE LAIR, APPELLEE, LEWIS W. DAVIES, APPELLANT AND INTERVENER.
27 N. W. 2d 540

Filed May 16, 1947. No. 32178.

*Lee Kelligar* and *J. L. Gagnon,* for appellant.

*John C. Mullen, Gerald M. Mullen* and *Jean M. Johnson,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

WENKE, J.

This is the same case as De Lair v. De Lair, 146 Neb. 771, 21 N. W. 2d 498.

Therein we ordered: "The action of the lower court

is therefore reversed with directions to order the sheriff's return to be amended to show that service was had on Charles De Lair in person."

Upon the return of the case to the trial court the appellee here, Kathryn De Lair, moved for a judgment on the mandate. On the same day the appellant here, Lewis W. Davies, filed his motion asking that he be permitted to show cause why the return on the summons should not be amended.

The court overruled the appellant's motion and entered a judgment in accordance with our opinion and the mandate. Appellant filed his motion for new trial, which was overruled. Thereupon appeal was taken to this court.

As to the procedure upon return of the case to the district court, we held in Regouby v. Dawson County Irrigation Co., 128 Neb. 531, 259 N. W. 365: "It is a well-known rule of law that, when a case is sent back by the supreme court to the trial court with specific directions, the trial court has no alternative except to follow the directions given in the manner set forth therein. Story v. Robertson, 5 Neb. (Unof.) 404; State v. Sheldon, 26 Neb. 151; Oliver v. Lansing, 51 Neb. 818; Farmers & Merchants Bank v. German Nat. Bank, 59 Neb. 229; State v. Dickinson, 63 Neb. 869; State v. Thompson, 69 Neb. 157; Gadsden v. Thrush, 72 Neb. 1; Gund v. Ballard, 80 Neb. 385; State v. Farrington, 86 Neb. 653; Kerr v. McCreary, 86 Neb. 786; Jobst v. Hayden Bros., 88 Neb. 469; Bliss v. Live Stock Nat. Bank, 124 Neb. 880; 9 Bancroft, Code Practice and Remedies, 9787, sec. 7440, and notes."

We find the court's ruling on the appellant's motion correct.

In Ward v. Geary, 115 Neb. 58, 211 N. W. 208, we held: " * * * when, in an equity case, this court upon appeal directs the district court to enter a different judgment than the one appealed from, the defeated party may, within three days from the rendition of the judgment

in the district court and within the term, file a motion for a new trial, under section 8825, Comp. St. 1922 (now § 25-1142, R. S. 1943)."

Appellant raises several questions that were determined by this court on the first appeal. As stated in Kuhns v. Live Stock Nat. Bank, 138 Neb. 797, 295 N. W. 818: " 'Matters expressly, or by distinct and necessary implication, adjudicated at a former hearing, will not be considered again in the same case.' Edney v. Baum, 70 Neb. 159, 97 N. W. 252." See, also, Callahan v. Prewitt on rehearing, 143 Neb. 793, 13 N. W. 2d 660.

Further, with reference to appellant's contention that the decree entered was obtained through fraud practiced upon the court by offering perjured testimony, we find what purports to be a bill of exceptions was never allowed by the trial judge. Therefore it cannot be considered by this court. Bednar v. Bednar, 146 Neb. 726, 21 N. W. 2d 438. The affidavits and other written instruments appearing therein cannot be considered. Berg v. Griffiths, 127 Neb. 501, 256 N. W. 44. In the absence thereof there is nothing for our consideration.

For the reasons stated we affirm the judgment of the trial court.

AFFIRMED.