D. J. Rhoades et al., Appellees, v. State Real Estate
Commission of the State of Nebraska, Appellant.
45 N. W. 2d 628

Filed January 19, 1951. No. 32901.

*Clarence S. Beck,* Attorney General, and *Robert A.
Nelson,* for appellant.

*George Evens,* for appellees.

Heard before Simmons, C. J., Carter, Messmore,
Yeager, Chappell, Wenke, and Boslaugh, JJ.

Boslaugh, J.

This is an appeal from a judgment of the district
court for Douglas County rendered because of the di-
rection of a mandate issued by this court in a former
appeal of this case.

Jurisdiction of American Mortgage Corporation, desig-
nated as an appellee herein, was not acquired because
of the absence of service of notice on it and its election
not to make an appearance. Rhoades v. State Real
Estate Commission, 152 Neb. 701, 42 N. W. 2d 610. The

parties to this appeal are D. J. Rhoades, appellee, and State Real Estate Commission, appellant.

A decree of the district court reversing an order of appellant suspending the license of appellee to engage in business as a real estate broker in the state was reversed on the former appeal and the trial court was directed by the opinion and mandate to "* * * enter judgment in conformity with the State Real Estate Commission's order rendered March 27, 1947, to the extent of sustaining the order as it relates to suspending the real estate broker's license of D. J. Rhoades and in accordance with this opinion." Rhoades v. State Real Estate Commission, *supra*.

The judgment on the mandate, the subject of this appeal, is "* * * that the license issued to * * * D. J. Rhoades, prior to March 27, 1947, to operate as a real estate broker in the State of Nebraska, be and hereby is suspended for a period of six months from the 28th day of March, 1947, the date of the filing of the order of the State Real Estate Commission of the State of Nebraska."

The order of appellant was that the license of appellee be suspended for a period of six months commencing with March 27, 1947, the date of the entry of the order. Appellee complied with the Real Estate Commission Act and pursued the contest in the district court. The giving of an appeal bond and the institution of an original action in the district court had the effect of staying the order of the commission until the final disposition of the case—a result not yet accomplished. § 81-884, R. R. S. 1943; Feight v. State Real Estate Commission, 151 Neb. 867, 39 N. W. 2d 823.

Appellee was assured, by the statute and the proceedings taken by him for a review and further contest of the order of the commission, the right to do business as a real estate broker, until the final determination of the case, the same as though no proceedings had been prosecuted against him. He has not yet suffered any inter-

ruption of his right to do business as a real estate broker because of the violation of the Real Estate Commission Act which has been finally adjudged against him, and the judgment of the district court now under consideration decrees that he shall not. The period of suspension of his license fixed by the commission, if it had not been stayed by the acts of appellee, would have expired on September 27, 1947, more than two years before the decision and mandate of this court concluded and directed that the district court should, after the mandate was lodged in that court, by its judgment suspend his license for six months.

If this court had intended what the trial court has done, it would have dismissed the case on the first appeal because in that situation any possible period of suspension of the license of appellee would have long since expired. It is not to be assumed that this court directed the trial court to attempt to do a vain and impossible thing.

The purpose and effect of furnishing an appeal or supersedeas bond when permitted by law is to stay proceedings and preserve the status quo pending final determination of the litigation. If the result of the first hearing in the district court had agreed with the order of the commission and if it had been affirmed by this court, the time of the commencement of the period of suspension of the license of appellee would have been automatically advanced until the judgment providing for the suspension became final and enforceable. Ruzicka v. Hotovy, 72 Neb. 589, 101 N. W. 328, 9 Ann. Cas. 1058; Carroll v. Polfus, 98 Neb. 657, 154 N. W. 213; Guaranty Fund Commission v. Teichmeier, 119 Neb. 387, 229 N. W. 121.

The direction of this court to the district court of Douglas County was that, when it received the mandate issued from this court, it should, by its judgment then to be entered, suspend the license of appellee issued to him by appellant authorizing him to do business

in Nebraska as a real estate broker for six months from the time of the rendition and entry of the judgment of the trial court. That duty of the district court was not performed. It is mandatory that the direction of this court be observed. De Lair v. De Lair, 148 Neb. 393, 27 N. W. 2d 540; Glissmann v. Bauermeister, 149 Neb. 131, 30 N. W. 2d 649.

The judgment should be, and is reversed and the district court for Douglas County should be, and is directed, upon the filing in the office of the clerk of that court of a mandate to be issued herein, to forthwith render and enter a judgment suspending the license of appellee authorizing him to do business in Nebraska as a real estate broker for six months from the time of the rendition and entry of the judgment.

REVERSED AND REMANDED WITH DIRECTIONS.