JOHN J. JURGENSEN ET AL., APPELLANTS, v. JAMES S. AINSCOW ET AL., APPELLEES.

69 N. W. 2d 856

Filed April 15, 1955. No. 33683.

*Warren C. Schrempp, David S. Lathrop,* and *Eugene D. O'Sullivan, Jr.,* for appellants.

*William Comstock, Frank L. Burbridge,* and *Robinson, Hruska, Garvey & Nye,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an appeal from a decree of the district court for Douglas County entered pursuant to a mandate of this court. It is the contention of the appellants that the decree on the mandate does not conform thereto and this court is asked to reverse the judgment or modify it in order to do equity.

The case was previously in this court and is cited as Jurgensen v. Ainscow, 155 Neb. 701, 53 N. W. 2d 196. The opinion of the court was filed on May 9, 1952. Pursuant thereto and on June 3, 1952, the mandate of this court was issued. On November 17, 1952, the trial court entered its judgment on the mandate in which it is provided: "Wherefore, it is ordered, adjudged and decreed

that plaintiffs have a driveway easement running north and south over the West 6 feet of the East 9 feet of lots 13 and 14, in Hanscom Place, an addition to the City of Omaha, Douglas County, Nebraska, 100 feet in length to permit ingress and egress to and from the plaintiffs' garage situated on Lot 15, Block 5 in Hanscom Place, an Addition to the City of Omaha, Douglas County, Nebraska."

In State ex rel. Johnson v. Hash, 145 Neb. 405, 16 N. W. 2d 734, we said: "It will be noted that the mandate makes the opinion of the court a part thereof by reference. Under such circumstances, the opinion of the court can properly be examined in determining the nature and terms of the judgment to be entered or action to be taken. This seems to be the rule where the opinion is made a part of the mandate or where the remand is with directions to enter a decree in conformity with the views 'herein expressed' or 'in accordance with the opinion.' " See, also, Asbra v. Dean, ante p. 6, 68 N. W. 2d 696, and cases therein cited. The mandate in the present case incorporates the opinion of the court as a part of it by reference. We may therefore examine the opinion of the court to determine if the trial court properly entered a judgment in compliance with the mandate of this court.

The former opinion of the court provides: "We conclude that the plaintiffs are entitled to a driveway easement running north and south over the west 6 feet of the east 9 feet of Lots 13 and 14 of the defendants' property, 100 feet in length, as shown by the evidence, to permit ingress and egress to and from the plaintiffs' garage. The judgment of the trial court is reversed and the cause remanded with directions to the trial court to enter judgment in conformity with this opinion." The judgment on the mandate is in strict conformity with the opinion and mandate of this court.

The trial court having entered a judgment in strict compliance with the mandate of this court, there is

nothing to be resolved by this court on appeal. It has long been the rule that there must be an end to the litigation of a particular cause, and that an alleged injured litigant, in order to establish what he may deem the justice of the cause, may not have de novo trial after trial, ad infinitum. The purpose of courts is to end litigation rather than to promote it.

The issue before us was ably discussed in Galbreath v. Wallrich, 48 Colo. 127, 109 P. 417, 139 Am. S. R. 263, wherein it is said: "When a particular judgment is directed by the appellate court, the lower court is not acting of its own motion, but in obedience to the order of its superior. What that superior says it shall do, it must do, and that alone. Public interests require that an end shall be put to litigation, and when a given cause has received the consideration of this court, its merits determined, and then remanded with specific directions, the court to which such mandate is directed has no power to do anything but to obey the mandate; otherwise, litigation would never be ended, and the supreme tribunal of the state would be shorn of that authority over inferior tribunals with which it is invested by our fundamental law. * * * Rights which may have accrued since the rendition of the original judgment, not in issue in the action in which it was rendered, are not adjudicated therein, but the trial court has no power to open or interfere with the judgment of this court in order to settle such rights. If, since the original judgment, something has occurred which would render it inequitable to carry the judgment this court has directed into execution, resort must be had to some form of original proceeding by which appropriate relief can be secured. It cannot be done by way of defense to the entry of the judgment we have directed." See, also, Gadsden v. Thrush, 72 Neb. 1, 99 N. W. 835; Glissmann v. Bauermeister, 149 Neb. 131, 30 N. W. 2d 649; Stocker v. Wells, 155 Neb. 472, 52 N. W. 2d 284. Also, Tourville v. Wabash R. R. Co., 148 Mo. 614, 50 S. W.

300, 71 Am. S. R. 650; Mountain Home Lumber Co. v. Swartwout, 33 Idaho 737, 197 P. 1027; Gudmundson v. Commercial Bank and Trust Co., 160 Wash. 489, 295 P. 167; Barbour, Stedman and Herod v. Tompkins, 58 W. Va. 572, 52 S. E. 707, 3 L. R. A. N. S. 715.

In 3 Am. Jur., Appeal and Error, § 1236, p. 733, it is stated: "Where the appellate court remands a cause with directions to enter judgment for the plaintiff in a certain amount, the judgment of the appellate court is a final judgment in the cause and the entry thereof in the lower court is a purely ministerial act. No modification of the judgment so directed can be made, nor may any provision be engrafted on, or taken from it. That order is conclusive on the parties, and no judgment or order different from, or in addition to, that directed by it can have any effect, even though it may be such as the appellate court ought to have directed." See, also, Cowdery v. London and San Francisco Bank, Ltd., 139 Cal. 298, 73 P. 196, 96 Am. S. R. 115; Mountain Home Lumber Co. v. Swartwout, *supra.*

We necessarily conclude that a judgment on a mandate entered in strict conformity with the latter is a final determination of all matters decided and disposed of by the reviewing court. It is plain therefore that the judgment on the mandate was a final determination of all matters decided by the appeal. There is nothing raised by the appeal from the judgment on the mandate in this case that this court may properly consider.

Appellants rely upon Elliott v. Gooch Feed Mill Co., 147 Neb. 612, 24 N. W. 2d 561, and Regouby v. Dawson County Irr. Co., 128 Neb. 531, 259 N. W. 365. In the Gooch Feed Mill Co. case the following language appears. "Therefore, the cited case holds that if there was a change in the circumstances, or if a new question presented itself, or a new reason appeared which would require a further hearing to do justice and equity between the parties, then this court, on appeal from a judgment on a mandate, will determine such matter

and enter an order accordingly." This rule appears to have had its origin in the Regouby case. We do not think the foregoing applies as between the parties to an appeal resulting in a judgment on which a mandate was issued requiring a specific judgment in which such authority was not given. In the Gooch Feed Mill Co. case the remand required that "compensation payments heretofore voluntarily made" be given credit. The judgment entered on the mandate was in compliance with the directions of the mandate. But as to matters litigated and determined by this court, and remanded with directions for a specific judgment, the rule can have no application unless the matter is within the purview of the mandate. It could have application in a situation where new parties presenting new issues were entitled to intervene. In In re Application of City of Rochester, 136 N. Y. 83, 32 N. E. 702, 19 L. R. A. 161, the court said: "That Holden mistakenly supposed that his interests lay in the success of the executor and so aided and assisted the latter did not make him a party to the proceeding or involve his right to the fund as between him and Hamilton, and an order of this court while conclusive between the parties litigating does not prevent the opening of the judgment by the court whose judgment it has become for the hearing of a new party and the determination of a new claim."

In the case of In the Matters of Howard, 9 Wall. 175, 76 U. S. 175, 19 L. Ed. 634, it was stated: "Undoubtedly it is the duty of all inferior courts to yield a prompt obedience to the mandate of this court, or, in other words, to treat as conclusive the judgment of this court upon the law and facts presented to it in appropriate form for consideration. Any other conduct would be subversive of the relation which the Constitution intends that inferior tribunals shall hold to this court. But the obedience thus due is not a blind obedience, acting upon the letter of the judgment affirmed, or mandate ordered, without any consideration of the rights

of persons not parties to the litigation in which the judgment was entered. The judgment of an inferior court, when affirmed by this court, is only conclusive as between the parties upon the matters involved. Viewed simply as an adjudication between them, it is not open to question. It must be followed and obeyed. The inferior court cannot reopen the case and allow new proceedings to be taken, or further evidence to be given, or new defences to be offered, upon any ground whatever. It must execute the judgment or decree, and only for that purpose has it any authority over it."

Upon the reasoning of the foregoing authorities we conclude that the language quoted from Elliott v. Gooch Feed Mill Co., *supra,* and the similar language in Regouby v. Dawson County Irr. Co., *supra,* has no application as between the parties involved in the present litigation. To the extent that it may be construed in those cases that the language quoted has application to parties to the litigation, in such a case as we have here, it is disapproved. We point out however that a distinction is made between matters in conflict with a mandate and those which involve a partial or total satisfaction of the judgment. The latter does not conflict with the mandate and consequently the trial court is free to deal with such matters.

Our former opinion recites that appellants in their petition claimed an easement running north and south over the west 6 feet of the east 9 feet of Lots 13 and 14. The decree of this court finds that such an easement exists in accordance with the prayer of the appellants. The mandate directs the entry of a judgment awarding such an easement and the judgment of the trial court is in conformity therewith. The appellants, in the district court, requested that the judgment be corrected by changing the location of the easement so that it can be used as a means of egress and ingress without removing large trees that are growing on it. This the trial court has no authority to do under the authorities

cited. The litigation on such issue has become final and conclusive as between the parties.

The trial court entered its judgment on the mandate in strict compliance with its terms. This it was required to do. There being no error in the action of the trial court, the judgment must be affirmed.

AFFIRMED.