ANEITA F. RUEHLE, APPELLANT, v. EDWARD W. RUEHLE, APPELLEE.
97 N. W. 2d 868
Filed July 17, 1959. No. 34592.

*Charles Ledwith,* for appellant.

*Towle, Young & McManus,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

This is an appeal by Aneita F. Ruehle from a judgment rendered by the district court for Lancaster County on a mandate issued out of this court.

Numerous pleadings were filed in the trial court which, for the purpose of a determination of this appeal, need not be considered.

In determining this appeal, we first set forth the following: The plaintiff, Aneita F. Ruehle, moved the trial court to enter judgment on the mandate of the

Supreme Court of Nebraska. The case in which the mandate was issued out of the Supreme Court of Nebraska is Ruehle v. Ruehle, reported in 161 Neb. 691, 74 N. W. 2d 689.

The defendant, Edward W. Ruehle, filed objections to the motion for judgment on the mandate on the ground that it would be necessary for the trial court to take evidence in compliance with the opinion of the Supreme Court, relative to what amount of money the defendant had paid out for the support of the minor child of the parties, Jo Ann Ruehle. The defendant further alleged that in addition to payments made to the clerk of the district court for Lancaster County he had paid the aggregate sum of $2,275, between 1940 and 1948, to the plaintiff for support of their daughter, or directly to the daughter, Jo Ann. The defendant prayed the court to dismiss the motion of the plaintiff for judgment on the mandate, and petitioned the court for a hearing to ascertain the amount of child support, if any, due the plaintiff.

The plaintiff filed an answer and reply to the objections of the defendant in which she alleged that if the defendant made any payments directly to the minor child of the parties between 1940 and 1948, such payments were made voluntarily, and were not made in satisfaction of any accord arrived at by the parties; that the obligation of the defendant to make payments for the support of the minor child of the parties was never suspended during the temporary absence of the minor child of the parties from the home of the plaintiff; and that there was due the plaintiff from the defendant, on account of the judgment in the plaintiff's favor for the support of the minor child of the parties, the sum of $3,397.05 with interest at 6 percent per annum on the principal sum of $2,389.28 from June 13, 1956. The prayer was for dismissal of the objections of the defendant, and that the plaintiff recover judgment against the defendant for the sum of $3,397.05, plus in-

terest at 6 percent per annum on the principal sum of $2,389.28 from June 13, 1956, costs, and attorneys' fees.

For some reason not apparent in the record, each of the trial judges of the third judicial district disqualified himself. As a consequence, a judge of another judicial district was called in to hear the case. Trial was had and evidence taken. Judgment was rendered by the trial court as follows: "This court has reviewed the record and evidence and finds that, from February, 1942, to October, 1948, the defendant actually paid into court the sum of $30.00 per month, when, under the order of the Supreme Court, he should have paid $50.00 per month.

"In Addition to the aforesaid thirty dollar monthly payments the court finds that the defendant has actually paid to the plaintiff or to the daughter of the parties hereto for her support and maintenance, the sum of $2,313.71, and that said amount is in excess of the amount actually owing by defendant for child support herein.

"The court further finds that there is nothing due from defendant to plaintiff at this time."

The plaintiff filed a motion for new trial, which motion was overruled, and plaintiff perfected appeal to this court.

The plaintiff assigns as error that the trial court erred in allowing credit to the defendant to apply on a child support judgment requiring monthly cash payments to the clerk of the district court for Lancaster County, where the defendant had made payments of cash and had given gifts of other property to the minor child of the parties, none of which was requested or acquiesced in by, or even reached, the plaintiff, who was the owner of the judgment.

In the case of Asbra v. Dean, 160 Neb. 6, 68 N. W. 2d 696, this court said: "We have held where a mandate incorporates the opinion of the court by reference, they shall be construed together in determining the meaning of the mandate." See, also, State ex rel. Johnson v.

Hash, 145 Neb. 405, 16 N. W. 2d 734; Master Laboratories, Inc. v. Chesnut, 157 Neb. 317, 59 N. W. 2d 571; Elliott v. Gooch Feed Mill Co., 147 Neb. 612, 24 N. W. 2d 561; Glissmann v. Bauermeister, 146 Neb. 197, 19 N. W. 2d 43.

We make reference to the opinion in the case of Ruehle v. Ruehle, *supra*, as follows: "This is an action brought in the district court for Lancaster County by Edward W. Ruehle, the defendant in a divorce action brought by Aneita F. Ruehle, plaintiff therein, for the purpose of obtaining a judgment for child support rendered against him in the divorce action adjudged satisfied and released of record. The plaintiff in the divorce action, by cross-petition in the instant case, prayed for an accounting * * * for amounts payable as child support."

It appears that Aneita F. Ruehle obtained a decree of divorce from Edward W. Ruehle on May 18, 1939, and was awarded custody of their daughter Jo Ann, a minor child, until further order of the court and, in addition, the sum of $40 a month for child support to be paid to the clerk of the district court for Lancaster County on the first day of each month, to be delivered to Aneita F. Ruehle upon her receipt therefor. On November 29, 1939, Edward W. Ruehle filed a supplemental petition for modification of the original decree of divorce with reference to child support. To this petition Aneita F. Ruehle filed an answer and cross-petition requesting an increase in child support to $75 a month. A decree was entered by the trial court on February 15, 1940, finding that Edward W. Ruehle should pay child support in the amount of $50 a month commencing March 1, 1940, payable to the clerk of the district court until further order of the court.

The parties agreed that certain language in the opinion in Ruehle v. Ruehle, *supra*, contained on pages 693 and 696 thereof, constitutes the background for the present action. We quote therefrom: "By stipulation of the parties filed November 30, 1940, it appears that there were delinquent child support payments in the amount

of $229.84 for which Aneita F. Ruehle agreed to accept $104.92 in full payment. In addition, the defendant was to pay costs in the amount of $38.79 and attorney's fees in the amount of $63, and the amount of $15 on the first day of December 1940 and on the 15th day of December 1940, and on the same dates each month thereafter. In consideration of such payments, Aneita F. Ruehle was not to issue execution, garnishment, or other process against the defendant Edward W. Ruehle as long as the payments continued. On March 1, 1941, if all the payments had been promptly paid, Aneita F. Ruehle was to release her judgment for child support for the amounts accrued, and in the event payments were continued then at the expiration of each 3 months thereafter. The stipulation provided further that in the event Edward W. Ruehle failed to make any payments as therein provided, the plaintiff Aneita F. Ruehle, at her election, might terminate the agreement forthwith and take such steps as she desired to collect child support in the amount of $50 a month for such period of time as she had last receipted for in full. The stipulation provided further: 'It is not the intention of the parties to modify the decree of this court as it now stands, but that said decree shall remain in full force and effect, subject, however to this agreement between the parties.' The stipulation was dated November 28, 1940." (Emphasis supplied.)

Further quoting from the opinion: "Edward W. Ruehle testified that he made payments to the clerk of the district court which approximated $15 each 2 weeks from December 1, 1940, to June 1949; that the daughter Jo Ann lived with her mother; that in the fall of 1948 Jo Ann changed her residence by entering Wesleyan University and moving onto the campus in Johnson Hall, girls' dormitory at University Place, on November 17, 1948, and from that time on did not live with her mother; that on October 12, 1948, prior to the time Jo Ann entered Wesleyan University, he had a conversation with Jo Ann and her mother relative to Jo Ann

moving from the mother's home to the school; that school had started at that time; that in the conversation had with Aneita F. Ruehle he asked her if Jo Ann had talked to her about going to Wesleyan to live in Johnson Hall, to which she replied that Jo Ann had; that he then asked her if it was agreeable for Jo Ann to move out, and received a reply that if it was Jo Ann's wish it was agreeable; and that he then asked her if Jo Ann had discussed the release of child support payments since he could not afford to pay child support in addition to paying all the expenses while Jo Ann attended the university and she replied that Jo Ann had. He further testified that he paid all of Jo Ann's expenses, tuition, board, room, sorority dues, and other items of expense, and the agreement was that he was to continue to pay child support payments into the district court until such time as it was determined whether or not Jo Ann would continue in school and be successful in her endeavors; that he paid the expenses of Jo Ann at the university and also $30 a month to the clerk of the district court until June 1949, with the understanding that Aneita F. Ruehle was to return the money paid into the clerk's office during such period of time that Jo Ann attended the university; and that Aneita F. Ruehle returned the payments in cash by giving the same to Jo Ann with instructions to return the money to her father. He further testified that in 1949 he stopped this method of making the payments upon the suggestion of Aneita F. Ruehle that it was a nuisance. During the summer of 1947 and 1948 Jo Ann worked at the Lincoln General Hospital as a nurses aid. In the fall of 1949 she entered Bryan Memorial Hospital to become a registered nurse. She continued her employment there until August 17, 1952. She was graduated from Wesleyan University in 1953. During the time she was taking training at Bryan Memorial Hospital he paid her expenses. Jo Ann subsequently married and moved to Los Angeles."

The following also appears in the opinion: "The stipulation, as appears in the instant case, in no sense modified the decree with reference to the child support, and it was so agreed by the parties as the stipulation discloses."

We went on to say in the opinion: "We are in accord that there is a complete accord and satisfaction of the child support that would have accrued or become due from and after October 12, 1948, by reason of an agreement that was far more beneficial to the interests of the daughter Jo Ann. * * *

"We conclude that there should be an accounting as to the child support payments which had accrued and were due up to October 12, 1948, with interest thereon at the legal rate, and that all credits should be given to the appellee for payments made by him for child support. The cause is remanded to the trial court for determination of the amount of child support due on this phase of the case. * * *

"For the reasons given in this opinion, the judgment of the district court is reversed and the cause remanded with directions to modify the decree in accordance with the opinion."

The mandate in Ruehle v. Ruehle, *supra,* commanded the district court, without delay, to proceed in conformity with the judgment and opinion of this court.

In the case of Ruehle v. Ruehle now appealed to this court, Edward W. Ruehle testified as to the amounts he was required to pay for the support of Jo Ann, the minor child of the parties, and the manner in which he was required to make such payments. He further testified that in addition to the payments of $30 a month to the clerk of the district court starting December 1, 1940, he made other payments in cash to Aneita F. Ruehle, or to his daughter Jo Ann; and that he kept a record of all payments made direct to Aneita F. Ruehle and to Jo Ann. There was introduced in evidence an account of these payments, outside of the

money paid in to the office of the clerk of the district court for child support. A compilation of these figures was made by Edward W. Ruehle and received in evidence.

On cross-examination he testified that he did not ascertain how Jo Ann spent the money he gave her for Christmas shopping or on other occasions; and that there was a policy of insurance for $2,000 written by him in a company he represented, upon which he paid the premiums and in which he was designated the beneficiary. This policy was on the life of Jo Ann. He further testified to the purchase of clothes for Jo Ann, and amounts given to her at different times to spend and for entertainment.

Aneita F. Ruehle testified that Jo Ann did not bring home to her any of the amounts given to her by Edward W. Ruehle. She knew nothing about the policy of insurance on the life of Jo Ann. She did not regard the money spent by Jo Ann while shopping with Ruehle's second wife, or attendance at entertainments, as contributions for child support. She further testified that at all times between December 1, 1940, and October 12, 1948, she had maintained a home where Jo Ann either lived or could come to visit.

The following are applicable to a determination of this appeal.

Section 42-312, R. R. S. 1943, specifically provides that the court in a divorce action retains jursidiction of the subject matter and the parties for the enforcement or modification of a judgment for maintenance of children, and prescribes the method by which a decree for child support may be modified.

Where a divorce decree provides for the payment of stipulated sums monthly for the support of a minor child or children, contingent only upon a subsequent order of the court, such payments become vested in the payee as they accrue. The courts are without authority to reduce the amounts of such accrued payments, and the party obligated to pay such amounts cannot

satisfy the sum in whole or in part by voluntarily furnishing such things as clothes, entertainment, spending money, etc., direct to the minor or minors. See Ruehle v. Ruehle, *supra*. See, also, § 42-318, R. R. S. 1943.

In Wassung v. Wassung, 136 Neb. 440, 286 N. W. 340, this court said: "The general rule is stated in 19 C. J. 359, as follows: 'Payments exacted by the original decree of divorce become vested in the payee as they accrue, and the court, on application to modify such decree, is without authority to reduce the amounts or modify the decree with reference thereto retrospectively; the modifying decree relates to the future only and from the time of its entry.' * * *

"Where a divorce decree provides for the payment of stipulated sums monthly for the support of a minor child or children, contingent only upon a subsequent order of the court, marriage, or the reaching of majority, such payments become vested in the payee as they accrue. The courts of this state are without authority to reduce the amounts of such accrued payments.

"This rule is consistent with the holdings of this court with reference to alimony and child support, down to and including the case of McIlwain v. McIlwain, 135 Neb. 705, 283 N. W. 845, and Graham v. Graham, 135 Neb. 761, 284 N. W. 280." See, also, Clark v. Clark, 139 Neb. 446, 297 N. W. 661; Schrader v. Schrader, 148 Neb. 162, 26 N. W. 2d 617; Sullivan v. Sullivan, 141 Neb. 779, 4 N. W. 2d 919.

Ruehle v. Ruehle, *supra,* contains some of the above-cited authorities which were likewise applicable to the appeal lodged in this court in that case.

In the case of Finnern v. Bruner, 167 Neb. 281, 92 N. W. 2d 785, this court said: "In Sullivan v. Sullivan, 141 Neb. 779, 4 N. W. 2d 919, this court held that: 'In a decree granting a wife a divorce and the custody of minor children, monthly installments of alimony and support become vested as they accrue, and unpaid, past-due portions thereof are final judgments beyond the

power of the court to reduce by modification of the original decree.' " Schrader v. Schrader, *supra,* is cited, also.

In Finnern v. Bruner, *supra,* the court concluded that the judgment of the trial court should be reversed and the cause remanded with directions to dismiss the plaintiff's petition and render judgment in favor of the personal representative of the estate of the deceased mother for the amount of the judgment for child support which remained unpaid, with interest at 6 percent upon unpaid weekly installments thereof as they accrued prior to September 15, 1935, and upon the principal amount thereof remaining unpaid from September 15, 1935, to date, bearing in mind that interest should not be compounded in any event.

The above is the kind of judgment which should have been entered on the mandate in the case of Ruehle v. Ruehle, *supra.*

The plaintiff in the instant case assigns as error the failure of the trial court to rule upon the plaintiff's motion for allowance of attorneys' fees. It is apparent from the record that attorneys' fees were not allowed in the district court. We conclude that there should be no allowance of attorneys' fees.

We conclude that the judgment of the trial court should be reversed and the cause remanded with directions to render judgment in favor of the plaintiff for the amount of child support which remains unpaid, with interest at 6 percent per annum upon the unpaid installments thereof as they accrued prior to October 12, 1948, and upon the principal amount thereof remaining unpaid from such date, bearing in mind that interest shall not be compounded in any event, defendant Edward W. Ruehle to pay all costs.

For the reasons given herein, we affirm the judgment of the district court in not allowing the attorneys' fees as costs in favor of the plaintiff; and we reverse the judgment of the district court as the same relates

to child support and remand the cause with directions to render judgment in conformity with this opinion.

AFFIRMED IN PART, AND IN PART REVERSED<br>AND REMANDED WITH DIRECTIONS.

CHAPPELL, J., concurring.

As far as important here, the mandate of this court in Ruehle v. Ruehle, 161 Neb. 691, 74 N. W. 2d 689, provided as follows: "* * * upon a trial of which cause in said Supreme Court during the January Term, A. D. 1956, a certified copy of the opinion of the Court being attached hereto and made a part hereof, the following judgment was rendered:

" 'This cause coming on to be heard upon appeal from the district court of Lancaster County, was argued by counsel and submitted to the court; upon due consideration whereof, the court finds error apparent in the record of the proceedings and judgment of said district court. *It is, therefore, considered, ordered and adjudged that said judgment of the district court be, and it hereby is, reversed and the cause remanded with directions to modify the decree in accordance with the opinion of this court this day filed herein.* It is further considered, ordered and adjudged that appellant pay all costs incurred herein by her taxed at $20.00; and that appellees pay all costs incurred herein by them, taxed at $5.00; for all of which execution is hereby awarded, and that a mandate issue accordingly.'

"NOW, THEREFORE, You are commanded, without delay, to proceed in conformity with the judgment and opinion of this Court.

"WITNESS, The Honorable Robert G. Simmons, Chief Justice and the Seal of said Court, this nineteenth day of March, 1956. George H. Turner, Clerk. By Gerald S. Vitamvas, Deputy." (Italics supplied.)

As I view the matter, decision in this second appeal is controlled entirely by rules of law under which we are required to determine whether or not the trial court complied with the mandate in the rendition of its

judgment. I agree that the trial court did not do so.

In Asbra v. Dean, 160 Neb. 6, 68 N. W. 2d 696, citing authorities, we held: "The provisions of a mandate of this court should be considered as a whole in determining what was decided on appeal.

"When a mandate of the Supreme Court makes the opinion of the court a part thereof by reference, the opinion should be examined in conjunction with the mandate to determine the nature and terms of the judgment to be entered or the action to be taken thereon.

"When a mandate is in the same general language of the opinion in its directions to the lower court, reference may be made solely to the opinion to determine whether the lower court's decree is in accordance with the mandate."

Also, in Jurgensen v. Ainscow, 160 Neb. 208, 69 N. W. 2d 856, we held that: "When a mandate of the Supreme Court makes the opinion of the court a part thereof by reference, the opinion should be examined in conjunction with the mandate to determine the nature and terms of the judgment to be entered or the action to be taken thereon.

"When this court reverses a decree as to a matter finally determined thereby, and remands the cause with directions to enter a specific judgment or decree, the mandate of this court is final and conclusive upon all parties, as to all matters so directed, and no new defenses can be entertained or heard in opposition thereto.

"Public interest requires that there shall be an end to litigation, and when a cause has received the consideration of this court, has had its merits determined, and has been remanded with specific directions, the court to which such mandate is directed has no power to do anything other than to enter judgment in accordance with such mandate."

In Noble v. City of Lincoln, 158 Neb. 457, 63 N. W. 2d 475, we reaffirmed the general rules that: "The decision of questions presented to this court in reviewing the

proceedings of the district court becomes the law of the case and for purposes of the litigation settles conclusively the matters adjudicated expressly or by necessary implication.

"The law of the case applies to not only questions actually and formally presented but to all questions existing in the record and necessarily involved in the decision."

We have adhered to these general rules in many cases. See Nebraska Digest, Vol. 2, Appeal and Error, Key No. 1195.

Further, in County of Madison v. School District No. 2, 148 Neb. 218, 27 N. W. 2d 172, quoting from International Harvester Co. v. County of Douglas, 146 Neb. 555, 20 N. W. 2d 620, we said: "The rule is: '* * * the controlling effect of a decision must relate to the factual condition as stated in the opinion. To go behind facts so stated and materially to change the fact basis is to remove the decision as an authority.'" I believe that the case at bar is no exception to the foregoing rules.

The substance of the stipulation here involved, which was filed November 30, 1940, is set forth in the original opinion. As far as important here, that stipulation agreed that defendant was then delinquent in payments of child support to plaintiff in the amount of $229.84, for which plaintiff agreed to accept from defendant $104.92 in full payment, and defendant agreed to thereafter pay $30 a month, payable on the first and fifteenth of each month, beginning December 1, 1940, but that in the event defendant failed to make any such payments plaintiff at her election might terminate the agreement forthwith and take such steps as she desired to collect child support in the amount of $50 a month as ordered by the trial court in its modification of the original decree effective March 1, 1940.

In that connection, the stipulation, as quoted in the original opinion, specifically provided that: " 'It is not the intention of the parties to modify the decree of

this court as it now stands, but that the decree shall remain in full force and effect, subject, however to this agreement between the parties.'"

With regard thereto, after citing authorities, we specifically concluded in the original opinion that: "The stipulation, as appears in the instant case, in no sense modified the decree with reference to the child support, and it was so agreed by the parties as the stipulation discloses."

The opinion then went on to say: "The appellee contends that an accord and satisfaction prevailed in the instant case when the oral agreement between the appellant and the appellee was made on October 12, 1948, and that according to this agreement the *appellant agreed to release the judgment against the appellee for all child support that might have accrued and become due under the decree. We are not in accord with the appellee's contention in this respect.* We are in accord that there is a complete accord and satisfaction of the child support that would have accrued or become due from and after October 12, 1948, by reason of an agreement that was far more beneficial to the interests of the daughter Jo Ann. She had the benefit of an education and nurses training, and acquitted herself with honor, all through the efforts of the appellee by agreement with the appellant.

"We conclude that there should be an *accounting as to the child support payments which had accrued and were due up to October 12, 1948,* with interest thereon at the legal rate, and that all credits should be given to the appellee for payments made by him for child support. The cause is remanded to the trial court *for determination of the amount of child support due on this phase of the case.*" (Italics supplied.)

Black's Law Dictionary (3d Ed.), p. 28, citing authorities, defines "Accounting" as: "The making up and rendition of an account, either voluntarily or by order of a court. * * * In the latter case, it imports a rendi-

tion of a judgment for the balance ascertained to be due. * * * The term may include payment of the amount due." See, also, Words and Phrases (Perm. Ed.), Accounting, Vol. 1, p. 543.

An examination of the mandate and all of our original opinion discloses, as I view it, that by such accounting for and determination of child support payments which had accrued and were due from defendant under the decree prior to October 12, 1948, as claimed by plaintiff in her cross-petition and denied by the trial court, this court meant an accounting and determination of the difference between $229.84, the amount of child support which was admittedly delinquent and unpaid on December 1, 1940, under the decree effective March 1, 1940, and $104.92 paid by defendant thereon, and the difference between $30 a month paid as child support by defendant between December 1, 1940, and October 12, 1948, and the $50 a month for child support during the same period, as had been ordered by the trial court in its modification of the original decree, which order at all times, as the original opinion concluded, had remained in full force and effect. When such an accounting or determination is made, plaintiff would be entitled to a judgment for the total of such differences, including interest at the legal rate upon delinquent child support installments, as they had accrued and vested under the decree prior to October 12, 1948, and on the principal amount remaining unpaid from such date, with "no allowance of attorney's fees to be taxed as costs in behalf of" plaintiff, and that plaintiff should "be required to pay her own costs and attorney's fees."

In that connection, our original opinion finally said: "For the reasons given in this opinion, the judgment of the district court is reversed and the cause remanded with directions to modify the decree in accordance with the opinion."

Viewed entirely as a question of law, as aforesaid, I agree that the opinion of Messmore, J., which has been

submitted and adopted in the present second appeal, disposes of the case in the manner required by applicable and controlling rules of law.

SIMMONS, C. J., dissenting.

The court's opinion in this case does not touch the issue which is here for determination. We are not called upon nor do we have the right to redetermine the questions decided in Ruehle v. Ruehle, 161 Neb. 691, 74 N. W. 2d 689.

That decision became final. The trial court was bound by it. We are bound by it.

I have no disagreement with the rules of law as stated by the court which are: "Where a mandate of the Supreme Court makes the opinion of the court a part thereof by reference, the opinion should be examined in conjunction with the mandate to determine the nature and terms of the judgment to be entered or the action to be taken thereon." "Section 42-312, R. R. S. 1943, specifically provides that the court in a divorce action retains jurisdiction of the subject matter and the parties for the enforcement or modification of a judgment for maintenance of children, and prescribes the method by which a decree for child support may be modified." "Where a divorce decree provides for the payment of stipulated sums monthly for the support of a minor child or children, contingent only upon a subsequent order of the court, such payments become vested in the payee as they accrue. The courts are without authority to reduce the amounts of such accrued payments." "In a decree granting a wife a divorce and the custody of minor children, monthly installments of alimony and support become vested as they accrue, and unpaid, past-due portions thereof are final judgments beyond the power of the court to reduce by modification of the original decree."

For reasons stated later herein there is no proposal to change, alter, or reduce accrued and unpaid child support payments. They are fully recognized.

I agree with the rules of law stated in the concurring opinion, as follows: "When this court reverses a decree as to a matter finally determined thereby, and remands the cause with directions to enter a specific judgment or decree, the mandate of this court is final and conclusive upon all parties, as to all matters so directed, and no new defenses can be entertained or heard in opposition thereto." "The decision of questions presented to this court in reviewing the proceedings of the district court becomes the law of the case and for purposes of the litigation settles conclusively the matters adjudicated expressly or by necessary implication."

I hold that the law of the case rule requires an affirmance of the judgment of the trial court.

The opinion in Ruehle v. Ruehle, *supra*, discussed first the pleadings and evidence and then announced this conclusion: "We conclude that there should be an accounting as to the child support payments which had accrued and were due up to October 12, 1948, with interest thereon at the legal rate, and that all credits should be given to the appellee for payments made by him for child support." It then remanded the cause "to the trial court for determination of the amount of child support due on this phase of the case."

Neither by the conclusion above quoted nor by the directions of the remand was the trial court limited to a determination of the "amount of the judgment for child support which remains unpaid." This last quote is taken from Finnern v. Bruner, 167 Neb. 281, 92 N. W. 2d 785, which the court now says is "the kind of judgment which should have been entered on the mandate" in this case. But the Finnern judgment is not the judgment which the court ordered in the first opinion of this case.

The conclusion of the court in the first opinion above quoted is in two parts. First it directs an accounting as to the child support payments which had accrued and were due to October 12, 1948, with interest thereon at the legal rate. Had the court stopped there in its conclu-

sion, and had it remanded the cause for determination on that basis there would be no disagreement between us now.

The rules of law relied on by the court would then be applicable, and are applicable to a determination of the accrued unpaid amount of the decree. The Finnern opinion would then be applicable.

But the court did not stop there. It further directed "that all credits should be given to the appellee for payments made by him for child support."

Obviously that involves subtracting the "payments made" by Mr. Ruehle "for child support" from the amount accrued, due and unpaid on the judgment. The difference, if any, would be the amount of the judgment to be entered against Mr. Ruehle. I point out that the amount of those payments was an issue in the first case which was determined here for the opinion recites that Mr. Ruehle "alleged that the child support payments were *made directly to* Aneita F. Ruehle or to the clerk of the district court until September 1948, * * *." (Emphasis supplied.)

It is obvious that the trial court accepted the conclusion of this court in the first opinion in this case and complied with the directions of the remand. Its decision is now reversed by ignoring that part of the conclusion which directs that "all credits should be given" Mr. Ruehle "for payments made by him for child support."

The first part of the conclusion required but a simple computation of the amount due on the decree, the second part of the conclusion required an accounting of payments made for child support to Mrs. Ruehle and giving Mr. Ruehle credit for those payments.

The court's opinion ignores the second provision of the remand order and in effect reads it out of the remand order. We are not here concerned with the correctness of the remand order. We are concerned with the fact of the remand order. It became the law of the case.

What, then, is the law of the case rule referred to, but

not stated, in the concurring opinion. It is: As early as 1899 in an opinion by Norval, J., in Farmers & Merchants Bank v. German Nat. Bank, 59 Neb. 229, 80 N. W. 820, this court held: "When a cause is remanded by this court with directions as to further proceedings, the court below has no power to do anything but carry out the directions thus given it."

In Story v. Robertson, 5 Neb. (Unoff.) 404, 98 N. W. 825, in an opinion by Fawcett, C., it was held: "When the district court received the mandate of this court it was its duty to do just what it did in this case, literally obey the mandate."

In Regouby v. Dawson County Irr. Co., 128 Neb. 531, 259 N. W. 365, in an opinion by Chappell, District Judge, we reversed the judgment and remanded the cause with directions to "compute the damages in accordance with the opinion of this court * * *." We held: "* * * when a case is sent back by the supreme court to the trial court with specific directions, the trial court has no alternative except to follow the directions given in the manner set forth therein."

In Elliott v. Gooch Feed Mill Co., 147 Neb. 612, 24 N. W. 2d 561, in an opinion by Messmore, J., we held: " 'When a judgment of the district court is reversed and a cause remanded with specific directions, it is the duty of the district court to follow the mandate.' "

In De Lair v. De Lair, 148 Neb. 393, 27 N. W. 2d 540, in an opinion by Wenke, J., we held: "When a case is sent back by the Supreme Court to the trial court with specific directions, the trial court has no alternative except to follow the directions given in the manner set forth therein."

In Rhoades v. State Real Estate Commission, 153 Neb. 625, 45 N. W. 2d 628, in an opinion by Boslaugh, J., we held: "When a case is remanded by this court to the district court with directions for its disposition, the district court must obey and perform the mandate of this court."

In Stocker v. Wells, 155 Neb. 472, 52 N. W. 2d 284, in an opinion by Chappell, J., we held: "When a case is sent back by the Supreme Court to the trial court with specific directions, the trial court has no alternative except to follow the directions given in the manner set forth therein."

In Jurgensen v. Ainscow, 160 Neb. 208, 69 N. W. 2d 856, in an opinion by Carter, J., we held: "When this court reverses a decree as to a matter finally determined thereby, and remands the cause with directions to enter a specific judgment or decree, the mandate of this court is final and conclusive upon all parties, as to all matters so directed, and no new defenses can be entertained or heard in opposition thereto."

I submit that the trial court here literally followed the mandate of the former opinion and its judgment in doing so should be affirmed.

There are two other matters that I deem should be mentioned. The court in its opinion, and the concurring opinion, holds Mr. Ruehle to the stipulation of facts which is set out in full in the dissenting opinion of Carter, J., in the first decision here. It, however, refuses to hold Mrs. Ruehle bound by the same stipulation. That need not be further discussed. The mere statement of the fact is sufficient.

The court denies Mrs. Ruehle an allowance of attorneys' fees. I agree. However, the reason given is: "Attorneys' fees in divorce proceedings will ordinarily be denied where there appears no reasonable justification for the position taken by the party claiming them."

The court, then, holds that there is "no reasonable justification for the position taken" by Mrs. Ruehle and at the same time grants her all relief she requests, save attorneys' fees.

I am authorized to say that Carter, J., and Boslaugh, J., concur in this dissent.